[No. 18188.   Department One.—March 30, 1894.]

THE PEOPLE ex rel. ATTORNEY GENERAL, Appellant, *v.* THE CARUTHERS SCHOOL DISTRICT et al., Respondents.

School Law—Election for Bonds for Schoolhouse—Joint Submission to Voters.—A school district may secure funds to purchase a lot and build a schoolhouse thereon either by direct tax or by the issuance and sale of bonds, but in either case it can only do so after a vote of the district to that effect, and the question of the buying of a lot and the building of a schoolhouse should properly be submitted to the voters jointly with the question of the issuance of bonds or voting of the tax.

Id.—Conduct of Election—Compliance With Statute—Validity.— The election, as a whole, must be conducted according to the requirements of the statute; and, if not, it is insufficient to form the basis for any future proceedings; and the election cannot be treated as a favorable expression of the voters of the district looking toward the purchase of a lot and the erection of the building if the election for bonds is. invalid.

Id.—Improper Notice of Election.—A notice of election in a school district must clearly state the particular place where the election is to be held, and where the notice is so contradictory and misleading that it failed to satisfy the statute, the election is invalid.

Appeal from a judgment of the Superior Court of Fresno County.

The facts are stated in the opinion of the court.

*Attorney General W. H. H. Hart,* and *J. P Meux,* for Appellant.

The election was not held in compliance with the statute, and was therefore void, as there was no vote upon the question as to whether the trustees should purchase a lot and build a schoolhouse. (*Howland* v. *School District,* 15 R. I. 184; *Board of Education* v. *Roher,* 23 Ill. App. 620; *Hughes* v. *Ewing,* 93 Cal. 414; *People* v. *Baker,* 83 Cal. 149.) This proceeding being statutory, the call for the election must set forth all the purposes for which an election is authorized to be held under the statute. (*People* v. *Castro,* 39 Cal. 65; *People* v. *Seale,* 52 Cal. 71; *People* v. *Baker,* 83 Cal. 149.)

*L. L. Cory,* for Respondents.

GAROUTTE, J.—The validity of an election held in Caruthers school district is here assailed, and a determination of the regularity of the proceedings under which such election was held is determinative of the case.

Subdivision 5 of section 1617 of the Political Code provides that the trustees of a school district shall have power, "when directed by a vote of the district, to build schoolhouses, or to purchase or sell school lots." The question voted upon by the electors of this school district was: "Shall bonds to the amount of ten thousand dollars be issued and sold for the purpose of purchasing a school lot and building a schoolhouse thereon?" Under the statute two ways are provided by which funds may be secured to purchase lots and erect schoolhouses. It may be done either by direct tax or by the issuance and sale of bonds; but in both cases it can only be done after a vote of the district to that effect, and sections 1833 and 1880 of the Political Code expressly allow the board of trustees to submit either of these propositions to a vote of the district whenever such board deems it advisable; thus clearly indicating that the question of the buying of a lot and building of a schoolhouse may be submitted, and, we think, properly should be submitted, jointly with the question of the issuance of the bonds or the voting of the tax. This construction involves no contradiction, or even inconsistency with the terms of the general provision found in section 1617; but, on the contrary, these sections fall directly under and in line with that general provision. It follows that the proposition presented to the voters of this school district was in form entirely justified by the law.

It is intimated by respondent that, while this election may have been sufficiently invalid to nullify all of the bonds issued thereunder, still it was sufficiently valid as a favorable expression of the voters of the district looking toward the purchase of the lot and the erection of the building. This view is unsound. The election must be conducted in substantial compliance with the

statute, whatever may be its purpose, and, if there be
no substantial compliance with the statute, it is insuffi-
cient to form the basis for any future proceedings of
any kind or character. The statute provides certain
requirements to be observed in the holding of such an
election as is here involved, and also provides that in
other respects it must be held as nearly as practicable
in conformity with the general election law. And as
to the course adopted in the conduct of the present
election, we shall now direct our attention.

The board of trustees are required to give notice of
the election by posting notices thereof in three public
places, and also by publication in a newspaper printed
in the county, if there be one.

Among other things this notice is required to state
the time and place of holding such election, and the
hours during the day (not less than six) in which the
polls will be open. The record discloses various irregu-
larities in the conduct of the election, the most impor-
tant of which, and one which we think fatal to its
validity, being defects in the notice of election. There
is no requirement of the election law more important
in its observance than that the notice should clearly
state the particular place where the election is to be
held; and in that regard we think the present notice so
contradictory and misleading that it fails to satisfy the
statute. The notice ordered to be given by the board
of trustees informed the electors of the district that the
election would be held "at the hall in the town of
Caruthers, in said Caruthers school district." The no-
tice posted stated first, that the election would be held
"at the public schoolhouse in the town of Caruthers in
said Caruthers school district," and further along it
stated that the election would be held "at the hall in
Caruthers, in Caruthers school district." The notice
which was published in the newspaper informed the
electors that the election would be held "at the hall in
Caruthers, in the town of Caruthers, in said Caruthers

school district," and also it stated that the election would be held "at the schoolhouse in Caruthers school district." There appears to have been a studied attempt upon the part of some one having these matters in charge, to locate this election at a different place at every opportunity presented. The notices posted and published are inconsistent and contradictory in themselves, and also inconsistent and contradictory with each other. We cannot say that the town hall and the public schoolhouse in the town of Caruthers are the same place, or that the schoolhouse in Caruthers school district and the public schoolhouse in the town of Caruthers refer to the same building. They may be the same, and, again, they may be situated miles apart. We might conjecture that these various places were one and the same, but we are not allowed to enter the domain of conjecture. We can only judge of these notices by the facts they state; and, read by their face, they are misleading and contradictory, and do not substantially comply with the statute that requires the place where the election is to be held to be clearly and unmistakably set forth.

There are a few other irregularities which, although not so serious, might well be remedied if another election be held. The order for the publication of the notice runs to the Fresno *Daily Republican.* The notice was published in the Fresno *Morning Republican.* This is a variance, but it is unnecessary to decide whether or not it be a substantial one. The polls were open from the hour of 12 M. to 7 P. M. Under the general election law the polls close at 5 P. M.; and while in an election of the present character it is only necessary that the polls be open six hours, the better practice certainly would be to confine those six hours within the time prescribed for keeping the polls open at a general election.

Upon the principal ground discussed we think the election void.

The judgment is reversed, and the cause remanded, with directions to the lower court to quash the proceedings.

PATERSON, J., and HARRISON, J., concurred.

Hearing in Bank denied.