HAUSWIRTH, Appellant, *v.* MUELLER et al., Respondents.

(No. 1,664.)

(Submitted March 14, 1901. Decided March 15, 1901.)

*School Election — Bond Issue — Election Notice — Polling Places—Registration Notice.*

1.   Under Political Code, Sec. 1940, declaring that notices of the holding of school elections, at which it is proposed to authorize bond issues, shall con-

tain a statement of the time and place of holding the election, a notice not specifying the place is insufficient when attacked before the rights of third parties became vested, or the district is estopped, assuming that either condition might exist.

2.   Where a notice of school election, at which it is proposed to authorize a bond issue, is insufficient for failure to designate the polling places, as required by Political Code, Sec. 1940, such insufficiency is not remedied by the fact that the notice of registration specifies the polling places, since Political Code, Sec. 1784, requiring notice of registration, does not require such notice to designate the polling places.

*Appeal from District Court, Silver Bow County; E. W. Harney, Judge.*

ACTION by Simon Hauswirth against Henry Mueller and others, as trustees of School District No. 1, Silver Bow County, Montana. From a judgment in favor of defendants, plaintiff appeals. Reversed.

*Mr. C. E. White* and *Mr. W. J. Jameson,* for Appellant.

*Mr. Peter Breen* and *Mr. Chas. R. Leonard,* for Respondents.

The only point made by appellant is with reference to the sufficiency of the notice of the election called in pusuance of the resolution of the school trustees. If the notice comes within the requirements of the law regulating the same, it is clear that the decree of the court below was correct in refusing the appellant the injunction asked for. Every step in the matter, beginning with the resolution of the board of trustees, was carried out in the manner provided by law. We contend that the notice of election was sufficient and was a full compliance with Section 1940 of the Political Code of Montana. (*Packwood* v. *Kittitas County* (Wash.) 45 Pac. 640; *Seymour* v. *City of Tacoma* (Wash.) 33 Pac. 1059; Dillon on Municipal Corporations, Sec. 3, and cases cited; 10 Am. & Eng. Ency. of Law, 2d Ed., 632.)

MR. JUSTICE PIGOTT delivered the opinion of the Court.

This is an appeal from a judgment entered upon an agreed statement of facts submitted to the district court of Silver Bow county under the provisions of Sections 2050, .2051 and 2052 of the Code of Civil Procedure.    The sole question involved is whether or not the notice of election hereinafter set forth was in substantial conformity with the provisions of the statute prescribing the contents of such a notice.    The facts material to the consideration of the question are these:    School district No. 1 of Silver Bow county is a district of the first class, the population being 60,000.    On March 6, 1900, the board of county commissioners of Silver Bow county designated within the district nine polling places for the election to be held on April 7, 1900, and established 29 ( ?) registry precincts; this action was taken under Section 1773 of the Political Code, as amended by House Bill No. 63, approved March 3, 1899 (Laws of 1899, p. 57).    On March 13, 1900, the board of trustees resolved that at the school election to be held on the 7th day of April following there be submitted to the electors of the district the question whether bonds should be issued and sold to the amount of $50,000, bearing 4 per cent. interest, redeemable in 10 years and payable in 20 years, for purchasing school lots and building school houses thereon.    On March 22, 1900, there were posted in three public places in the district notices of which the following is a copy:

"NOTICE OF SCHOOL ELECTION.

"Notice is hereby given that an election will be held on Saturday, the 7th day of April, A. D. 1900, in School District No. 1, Silver Bow County, State of Montana, for the purpose of electing four school trustees for the term beginning on the third Saturday in April, A. D. 1900, and ending on the third Saturday in April, A. D. 1902.    The following question will also be submitted to the registered voters in said School District, to be voted upon at said time, to-wit: 'Shall bonds be issued and sold to the amount of fifty thousand ($50,000) dollars, bearing four (4) per cent. interest, redeemable in ten (10)

years, and payable in twenty (20) years, for the purpose of purchasing school lots and building school houses thereon?' Polls will be open from eight o'clock a. m. to twelve m. and from one o'clock p. m. until eight p. m.

"(Signed)                                    J. E. MORAN,
                                          "County Clerk."

We observe, in passing, that publication in a newspaper does not seem to have been made.

On March 23, 1900, the board of county commissioners caused to be published in a daily newspaper a notice of registration describing the boundaries of each registry precinct, giving the location of the office, the name of the registry agent therefor, the date of and the hours during which the office of the registry agent would be open and during which persons might apply and be registered, and containing also a description of the polling places as designated on March 6th by the board of county commissioners. In pursuance of the notice which was posted on March 22d, an election was held on the 7th day of April, at which 3,794 ballots were cast, 2,875 being in favor of the issuance of the bonds and 919 to the contrary. The trustees were about to issue and sell the bonds when the plaintiff sought an injunction. Except as to the failure of the notice of election to state the places of holding it, the validity of the proceedings in respect of the proposed issue of bonds is conceded. The court below decided that the notice of election was sufficient and rendered judgment dismissing the plaintiff's "cause of action." The plaintiff has appealed. The cause was submitted on yesterday and it is deemed advisable to render a decision immediately.

Section 1962 of Chapter VI of Title III of Part III of the Political Code, under the authority of which Chapter school trustees are authorized to issue bonds, provides that an election to determine whether bonds shall be issued shall be held in the manner prescribed in Section 1243 of Title III of Part III of the Political Code. No section bearing that number is found in Title III. Counsel for the defendants frankly state that the

trustees proceeded under Section 1940 in the matter of calling the election for the issuance of the bonds. Examination of the various provisions of the Political Code touching the right to issue bonds and to provide extraordinary funds for school purposes, makes it evident that the supposed Section 1243 (which does not exist) was inadvertently used for Section 1940, and that by a misprision or clerical error "1243" was inserted where the legislative assembly intended to put Section "1940." If this be not true, then there is nowhere in the statutory law any provision prescribing the manner of calling and holding an election for the purpose of determining whether school district bonds shall be issued.

Section 1773 of the Political Code, as amended by House Bill No. 63, approved March 3, 1899, and appearing on page 58 of the Session Laws of that year, provides that the board of county commissioners shall at least 30 days before the annual election of school trustees designate and establish a suitable number of polling places and create an equal number of election precincts to correspond and define their boundaries. The following is an excerpt from Section 1940, *supra*: "Such election shall be called by posting notices in three public places in the district for at least fifteen days before the election and conducted as nearly as practicable, according to the provisions herein made for holding annual school elections. The notice shall contain the time and place of holding the election, the amount of money proposed to be raised, and the purpose or purposes for which it is intended to be used." Section 1940b of Senate Bill No. 44, approved March 8, 1897, appearing on page 135 of the Session Laws of 1897, contains the same provision, with the additional requirement of publication of the notice in a newspaper where the school board is composed of more than three trustees. It is apparent that the notice the validity of which is questioned fails to designate any place for holding the election. In our opinion the notice of election was fatally defective and must be so declared, at least when its validity is assailed before the rights of third persons become

vested or the district itself is estopped—assuming that either condition might exist. The statute prescribes the contents of the notice of election. That notice shall state the place where the election will be held. The purpose of this provision is to impart information to the electors so that they may know where they can deposit their ballots and thus express their wishes concerning the question whether a tax shall be imposed upon property. Whatever may be the rule with respect to the election of public officers, we are satisfied that where the statute prescribes that the notice of an election for the purpose of burdening property with a tax shall specify the place at which electors may vote, the provision is mandatory and must be substantially complied with. No requirement of the election law is more important to be observed than that the notice of election should clearly state the particular place where the election is to be held. (*People* v. *Caruthers School Dist.*, 102 Cal. 184, 36 Pac. 396.) *State ex rel. Stanford* v. *School Dist. No. 1 of Cascade Co.*, 15 Montana, 133, 38 Pacific Reporter, 462, while not directly in point, is not altogether without pertinency to the question presented in the case at bar. The rule announced in *Hilburn* v. *St. Paul M. & M. Railway Co.*, 23 Montana, at page 247, 58 Pacific Reporter, 551, 811, accords with the principle which we here apply.

The defendants suggest that the language quoted from Sections 1940 and 1940b does not require that the polling places should be designated in the notice and that, if such had been the design of the statute, the wording would have been "the places of holding the election," or "the different polling places within the school district," instead of the word "place." We do not perceive any force in this suggestion. The statute means that the notice shall specify each place where the election is to be held, that is to say, each polling place. The singular number when used in the Political Code may, as declared by Section 16 of that Code, include the plural and the plural the singular; and such was likewise the common-law rule.

The defendants contend that notice was given to the qualified

electors of the places at which they might vote. Counsel argue that since the notice of registration described the polling places there was a substantial compliance with the law. The flaw in the argument consists in the fact that the notice of registration prescribed by Section 1784, which was added to the Political Code by substitute for Senate Bill No. 56, approved March 6, 1897 (Laws of 1897, p. 136), is not required to state or specify the polling places, and therefore the description in such notice of the places where the election would be held was not constructive notice to those entitled to vote. The only means by which information of the situation of the polling places may be conveyed seems to be the notice of election given in conformity with Sections 1940 and 1940b, *supra.* We are not to be understood as holding that a designation of the polling places by a notice of registration in compliance with a statute requiring the notice to state the polling places would satisfy the demand of Sections 1940 and 1940b that the polling places shall be designated in the notice of election. That question is not before us.

It is therefore ordered that the judgment entered on the 7th day of March, 1901, be reversed and the cause remanded with directions to the district court to proceed in conformity with the views expressed in this opinion. Let *remittitur* issue forthwith.

*Reversed and remanded.*