HOGAN, APPELLANT, *v.* CASCADE COUNTY, RESPONDENT.

(No. 2,446.)

(Submitted November 6, 1907. Decided November 18, 1907.)

[92 Pac. 529.]

*Sheriffs—Deputies—Power of Appointment—County Commissioners—Statutes—Construction.*

1. The Act of 1905, amendatory of section 4597 of the Political Code (Laws 1905, p. 164), providing, among other things, that the sheriff in a third-class county shall be allowed two deputies, and that such officer "may appoint two deputies * * * who shall act as jailers," does not, by the latter provision, create a new class of deputies, separate and distinct from those first referred to, or lodge in the sheriff exclusively the power of appointment without the consent or approval of the board of county commissioners, but simply amounts to an increase of the maximum number he may appoint, subject to the approval of the board, as provided by Act of 1893 (Sess. Laws 1893, p. 60), which Act was not repealed by implication by any provision of the Political Code, thereafter adopted.

*Appeal from District Court, Cascade County; J. B. Leslie, Judge.*

CLAIM by Ira D. Hogan against Cascade county for services alleged to have been rendered by him as jailer. From a judgment for defendant, plaintiff appeals. Affirmed.

*Mr. A. C. Gormley,* for Appellant.

*Mr. Albert J. Galen,* Attorney General, and *Mr. E. M. Hall,* Assistant Attorney General, for Respondent.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

This cause was submitted to the district court upon an agreed statement of facts, after appeal to that court from a disallowance of plaintiff's claim by the board of commissioners of the defendant county. The facts are the following:

Edward Hogan at the dates hereinafter mentioned was the sheriff of Cascade county, it being a county of the third class. On March 11, 1907, he appointed the plaintiff one of his deputies, the special duty assigned to him being that of jailer. Another deputy had theretofore been assigned to this duty. The result of plaintiff's appointment was that the sheriff had two deputies who were serving as jailers. At that time the sheriff had, exclusive of the plaintiff and the undersheriff, four other deputies, one of these acting as jailer with plaintiff. The plaintiff was appointed to his office without the permission or approval of the board of commissioners of the county. All these deputies, other than plaintiff, were paid their salaries for the month of March. The plaintiff served as deputy and jailer from March 11th to 31st, both days inclusive. At the end of the month he presented to the auditor of the county his claim for salary. It was audited, and its payment recommended. Upon presentation to the board of commissioners the claim was disallowed. Thereupon the plaintiff appealed to the district court. After a hearing upon the foregoing facts, the court sustained the action of the board of commissioners and directed judgment to be entered for the defendant. Plaintiff has appealed.

The theory upon which the plaintiff's claim for his salary was disallowed was that the appointment was made without the consent or approval of the board of commissioners, and that his salary was therefore not a legal charge against the county. The plaintiff insists that, under the statute, the sheriff's power to appoint him, or any other deputy, for the special duty assigned to him, and thus to make the salary a valid charge against the county, was absolute. This contention is based upon the provisions of section 4597 of the Political Code, as amended by the Act of 1905 (Sess. Laws 1905, p. 164), which, so far as it is pertinent here, declares:

"The whole number of deputies allowed the sheriff is one undersheriff, and in addition not to exceed the following number of deputies; in counties of the first and second classes, six;

in counties of the third and fourth classes, two; in counties of the fifth, sixth, seventh and eighth classes, one.''

''The sheriff in counties of the first, second and third classes may appoint two deputies, and in the fourth, fifth, sixth, seventh and eighth classes, one deputy, who shall act as jailers at a salary not to exceed ninety dollars per month.''

The second paragraph takes the place of a paragraph of the older section, which provided: ''The sheriff, undersheriff, or one of the deputies, must act as jailer; provided, that the board of county commissioners may allow jailers when in their judgment the same are necessary, and when so allowed, jailers must not be paid to exceed twelve hundred dollars per annum.''

The argument is that, by the amendment of the Code provision, the legislature clearly manifested the intention to create a new class of deputies, separate and distinct from that referred to in the first part of the section in which the maximum number is fixed, and to lodge the power of appointment of them exclusively in the sheriff. This purpose, it is said, is manifest from the language of the amendment, that ''the sheriff  *  *  * may appoint two deputies,'' etc.

In *Jobb* v. *Meagher County*, 20 Mont. 424, 51 Pac. 1034, the legislation of the territorial and state governments from 1865 to the adoption of the Code, in 1895, on the subject of deputies, their number, and the mode of payment of their compensation was elaborately examined. It was there pointed out that, when the government adopted the policy of compensating public officers by fixed salaries payable by the respective counties, instead of by fees collected from the public for the performance cf specific duties from time to time, a discretionary control over the number of deputies appointed by the various officers within the maximum named in the statute, and also over the amount of their compensation within the maximum amount named in each case, was lodged in the board of county comissioners. It was pointed out, further, that the provision of the Act of March 9, 1893 (Sess. Laws, 1893, p. 60), declaring this policy, was not repealed by implication by any of the provisions of the

Political Code fixing the compensation of public officers, declaring the maximum number of deputies each one might appoint, and the amount of compensation they were to receive. (Pol. Code, sec. 4591 et seq.) This Act declares: "The number of deputies and their compensation allowed to the county officers within the maximum limits named in this Act shall be determined by the board of county commissioners."

In the later case of *Penwell* v. *Board of County Commissioners*, 23 Mont. 351, 59 Pac. 167, the question was whether the board of commissioners of counties of the first and second classes had the power to fix the compensation of a deputy county attorney, or whether the salary to be paid to him was the maximum rate provided in the statute and became fixed by his appointment by the county attorney. (Pol. Code, sec. 4596.) It was held that, since there was no inconsistency between the Act of 1893, *supra*, so far as it pertained to the subject, and the provision of the Code allowing such deputies and fixing their compensation (Pol. Code, secs. 4596, 4602), the said Act (of 1893) was in force, and declared the intention of the legislature to lodge the power of fixing the compensation of these deputies in the board, even though the Act became a law when there was no provision for the appointment of such deputies.

This, then, was the settled policy of the legislature at the time section 4597, *supra*, was amended by the Act of 1905. The purpose and effect of the amendment must, therefore, be determined by an examination of the whole of the amendatory Act, and by a comparison of its provisions with the sections of the Code as they stood prior to its passage. It amends sections 4597 and 4602, which declared the maximum number of deputies to be allowed the sheriff and other county officers. In dealing with the subject of deputies of the county clerk, section 4597 allowed this officer in counties of the first and second classes, six; in counties of the third class, four; in counties of the fourth class, three; in counties of the fifth class, two; and in other counties, one. The amendment diminishes the maximum number allowed in counties of the third and fourth

classes by one. In other respects the number of deputies allowed is the same. In declaring the number of deputies allowed the clerk of the district court, it fixed the maximum for counties of the first and second classes at six, exclusive of a chief deputy, for counties of the third and fourth classes at three, and for other counties at one. Under the amendment, the maximum is the same for counties of the first and second classes. For counties of the third and fourth classes having more than one district judge the maximum is fixed at three; for counties of these classes having one judge the maximum is fixed at two, and for other counties it remains the same. So, under section 4602, the treasurer in counties of the fifth, sixth, seventh, and eighth classes could, in the discretion of the board, be allowed additional deputies during the months of October, November and December. Under the amended section, none may be allowed for the month of October. In other respects, the section remains the same. That it was the general purpose of the legislature to readjust the maximum number of deputies allowed to meet the actual conditions as they were supposed to exist in the various counties at the time of the amendment thus becomes clear.

In view of these considerations, are we justified in concluding that by the amendment of the portion of section 4597, relating to sheriffs' deputies, the legislature intended to change its policy with reference to the two deputies who are to serve as jailers, and conclude that, in appointing them, the sheriff is not subject to the discretionary control of the board? We think not. There is nothing in the amendment inconsistent with the provision in the Act of 1893, *supra.* It amounts to nothing more than an increase of the maximum number of the deputies which the sheriff may appoint subject to the approval of the board. The Code provision required the sheriff, undersheriff, or a deputy to act as jailer, except when, in the discretion of the board, jailers were allowed. These jailers were not deputies. Under the amendment, they are made deputies, and may be employed as such when the exigencies of business require

it.   The fact that the sheriff may appoint them is not significant, for the reason that any officer who was entitled under the Code provisions to have a deputy was entitled to make his own selection (Pol. Code, sec. 4603), subject only to the approval of the board under the Act of 1893, as to the maximum limit fixed by the Code provisions.

At the last session of the legislature a law was enacted authorizing the boards of commissioners of the respective counties to allow such additional deputies, in excess of the maximum prescribed by law, as may be required "for the faithful and prompt discharge of the duties of any county office, and to fix the salary of such deputies" within the prescribed maximum. (Sess. Laws, 1907, p. 479.)   This fact furnishes some evidence of the general intention of the legislature in dealing with the subject under consideration to prescribe a rule applicable to all county officers alike.

The judgment of the district court is affirmed.

*Affirmed.*

Mr. Justice Holloway and Mr. Justice Smith concur.