CARLSON, RESPONDENT, *v.* CITY OF HELENA, APPELLANT.

(No. 2,694.)

(Submitted March 27, 1909.  Decided April 12, 1909.)

[101 Pac. 163.]

*Appeal—Dismissal—Collusion Between Parties—Evidence—Insufficiency.*

Appeal—Dismissal—Collusion—Evidence.
    1. In order to justify the dismissal of an appeal on the ground of collusion between the parties, it must appear with reasonable certainty that they are guilty of the abuse charged in the motion to dismiss; else the appeal will be retained and reviewed on its merits.
Same—Evidence—Insufficiency.
    2. Plaintiff commenced an action to test the validity of certain bonds sought to be issued by a city. A demurrer was filed and sub-

mitted without argument, counsel for both parties, however, offering to submit briefs if desired by the court. The demurrer was overruled and defendant appealed. Thereupon certain members of the bar appeared as *amici curiæ* and moved that the appeal be dismissed on the ground of collusion. The evidence disclosed that plaintiff voted for the bonds, and that he would prefer to see them held valid; that counsel for defendant assisted his counsel in the preparation of the complaint, but that of this he had not any knowledge; and that he expected to pay the necessary costs and counsel fees; that he had no understanding or agreement with anyone as to the bringing of the suit or as to the issues he would present therein, or that anyone else would bear any part of the expenses. *Held,* not to warrant dismissal of the appeal on the ground alleged.

*Appeal from District Court, Lewis and Clark County; J. M. Clements, Judge.*

ACTION by Oscar Carlson against the City of Helena. Judgment for plaintiff, and defendant appealed. Motion to dismiss denied.

*Mr. Edward Horsky,* and *Mr. T. J. Walsh,* for Appellant.

*Mr. C. W. Wiley,* for Respondent.

*Messrs. Gunn & Rasch,* and *Messrs. Walsh & Newman, amici curiæ.*

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

This action was brought by the plaintiff to enjoin the city of Helena from issuing bonds to the amount of $670,000 to provide funds to enable it to procure a water supply and install a system of mains, pipes, etc., for its distribution, and to extend its sewer system. Various reasons are alleged why the proposed bonds will be invalid. The district court overruled a general demurrer to the complaint, and, the defendant having declined to plead further, rendered and caused to be entered a judgment enjoining it and its officers from proceeding further in the premises. Thereupon defendant appealed.

When the record was filed in this court, counsel for the defendant filed a motion in writing asking that the cause be

advanced upon the calendar for a speedy hearing and determination, to the end that, if the bonds be adjudged to be lawful, the defendant and its officers may proceed with the sale of them, notice of which, it is alleged, has already been given, fixing May 1 as the date of sale. On the day this motion was filed Messrs. Gunn & Rasch, members of the bar, asked leave to appear as *amici curiæ,* and submit a motion to dismiss the appeal on the ground that the action is "sham and fictitious, and colorably and collusively instituted between the said plaintiff and respondent, Oscar Carlson, and the said defendant and appellant, the city of Helena, without intention of determining in good faith any dispute or litigating any question, or ever having any adversary trial, but simply for the purpose of obtaining the judgment and decision of the courts upon a feigned issue, in order to affect and control the determination of another case of great importance now pending in the United States courts, in which the said city of Helena is defendant and the Helena Waterworks Company, a corporation organized and existing under and by virtue of the laws of the state of New Jersey, is complainant, and which involves large amounts of money and very important and serious questions as to the right and authority of said appellant, the said city of Helena, to incur any indebtedness and issue any bonds of the said city of Helena for the purpose of procuring a water supply and constructing a water system for said city; that the said plaintiff and respondent and the said defendant and appellant in said above-entitled cause were in instituting said action, and they are by said appeal, seeking to secure such a final judgment to be entered in said cause as might result to the advantage of the said defendant and appellant with reference to the validity of the said bonds of the said city of Helena to the amount of $600,000, proposed to be issued and sold by it for the procurement of a water supply and the construction of a water plant and water system mentioned in said complaint, and adversely to the interest of the said Helena Waterworks Company and other parties who are property owners and taxpayers in said city, and who had no knowledge of this action, and no opportunity to be

heard, and have any interest they might have in the subject matter of said action properly determined.'' This motion was accompanied by an affidavit alleging facts furnishing sufficient ground to justify the court in making inquiry touching the charges made. The motion and affidavit were ordered filed, and counsel in the case were required to appear on the twenty-seventh day of March, 1909, and make a presentation of the facts. On the day of the hearing additional affidavits were filed, both by the movants and counsel in the case; Messrs. Walsh & Newman, members of the bar, being also allowed, upon application for leave of court to do so, to appear in aid of the movants and as representatives of taxpayers other than the waterworks company. The original files in this action and also in the action pending in the circuit court of the United States were also submitted. Counsel for the city and for the plaintiff were examined orally, as was also the plaintiff himself.

Were we to conclude that the charges laid in the motion are supported by the evidence, we should feel constrained not only to dismiss the appeal, but also to proceed against both clients and counsel for contempt. ''It is the office of courts of justice to decide the rights of persons and property when the persons interested cannot adjust them by agreement between themselves— and to do this upon the full hearing of both parties. And any attempt by a mere colorable dispute to obtain the opinion of the court upon a question of law which a party desires to know for his own interest or his own purposes, when there is no real or substantial controversy between those who appear as adverse parties to the suit, is an abuse which courts of justice have always reprehended, and treated as a punishable contempt of court.'' (*Lord* v. *Veazie*, 8 How. 251, 12 L. Ed. 1067.) And this view has frequently been announced by the courts. (*Gardner* v. *Goodyear Dental Vulcanite Co.*, 131 U. S. ciii (Appdx.), 21 L. Ed. 141; *Hatfield* v. *King*, 184 U. S. 162, 22 Sup. Ct. 477, 46 L. Ed. 481; *Fesler* v. *Brayton*, 145 Ind. 71, 44 N. E. 37, 32 L. R. A. 578; *Haley* v. *Eureka County Bank*, 21 Nev. 127, 26 Pac. 64, 12 L. R. A. 815; *Ward* v. *Alsup*, 100 Tenn. 619, 46 S. W. 573; *McAdam* v. *People ex rel. Joslyn*, 179 Ill. 316, 53

N. E. 1102; *Cleveland* v. *Chamberlain,* 1 Black (U. S.), 419, 17
L. Ed. 93; *Van Horn* v. *Kittitas County* (C. C.), 112 Fed. 1;
*Connoly* v. *Cunningham,* 2 Wash. Ter. 242, 5 Pac. 473; *State
ex rel. Hahn* v. *City of Westport,* 135 Mo. 120, 36 S. W. 663;
*Berks County* v. *Jones,* 21 Pa. St. 413; *Meeker* v. *Straat,* 38
Mo. App. 239.)   This court has in several cases held that even
when, pending an appeal, the parties settle their controversies,
and the fact is made to appear, the appeal will be dismissed;
for under such circumstances there is no controversy left to be
determined.   (*State ex rel. Begeman* v. *Napton,* 10 Mont. 369,
25 Pac. 1045; *Snell* v. *Welch,* 28 Mont. 482, 72 Pac. 988; *In re
Black's Estate,* 32 Mont. 51, 79 Pac. 554; *State ex rel. Brass* v.
*Horn,* 36 Mont. 418, 93 Pac. 351.)

Two classes of cases fall within the rule, viz., moot cases, or
those in which there is no real controversy, or in which, though
there has been a real controversy, it has been adjusted; collusive
cases which fall within the definition: "In law a deceitful agree-
ment or compact between two or more persons for the one
party to bring an action against the other for some evil purpose,
as to defraud a third person of his right; a secret understand-
ing between two parties who plead or proceed fraudulently
against each other to the prejudice of a third person; a secret
arrangement between two or more persons, whose interests are
apparently conflicting, to make use of the forms and proceed-
ings of law in order to defraud a third person, or to obtain
that which justice would not give them by deceiving a court or
its officers."   (7 Cyc. 398.)   To the first class may be assigned
those cited from the decisions of this court *supra;* while *Lord*
v. *Veazie* and *Haley* v. *Eureka County Bank, supra,* are types
of the second class.   One of the first class may be brought with-
in the definition of the second class and become collusive, when,
after the parties have adjusted their rights, one of them by
agreement becomes *dominus litis,* by assuming to pay the ex-
penses of the litigation and counsel fees in order to have the
case conducted to a final hearing and judgment to effect some
ulterior purpose.   *Gardner* v. *Goodyear Dental Vulcanite Co.,
supra,* is a type of this class.   But the rule announced in these

cases does not preclude amicable actions instituted and conducted by the use of the ordinary forms of procedure, or by the submission of agreed cases. Indeed, our statute provides for the institution of actions by the latter method, and thus may be said to encourage them, provided always they involve a real controversy. (Revised Codes, sec. 7254.). The submission of such cases is of frequent occurrence. (*Hauswirth* v. *Mueller,* 25 Mont. 156, 64 Pac. 324; *State* v. *Northern Pac. Express Co.,* 27 Mont. 419, 94 Am. St. Rep. 824, 71 Pac. 404; *Hogan* v. *Cascade County,* 36 Mont. 183, 92 Pac. 529; *Northwestern Mutual Life Ins. Co.* v. *Lewis and Clark County,* 28 Mont. 484, 98 Am. St. Rep. 572, 72 Pac. 982.) On this subject Chief Justice Taney, in *Lord* v. *Veazie, supra,* said: "And in a case of that kind it sometimes happens that, for the purpose of obtaining a decision of the controversy, without incurring needless expense and trouble, they [the parties] agree to conduct the suit in an amicable manner; that is to say, that they will not embarrass each other with unnecessary forms or technicalities, and will mutually admit facts which they know to be true, and without requiring proof, and will bring the point in dispute before the court for decision without subjecting each other to unnecessary expense or delay. But there must be an actual controversy and adverse interests. The amity consists in the manner in which it is brought to issue before the court. And such amicable actions, so far from being objects of censure, are always approved and encouraged, because they facilitate greatly the administration of justice between the parties." Without giving special notice to any of these cases, we may safely say that they all recognize the rule that it must appear at least with reasonable certainty that the parties in the particular case are guilty of the abuse charged as the ground of the motion, or the case or appeal will be retained and heard or reviewed on the merits.

We shall not undertake to set forth and analyze the somewhat voluminous evidence submitted at the hearing. The action pending in the circuit court of the United States does not involve one of the important issues involved in this case.

The injunction issued therein restrains the sale of the bonds issued under the ordinance of the city in force at the time of their issuance on the ground that the ordinance itself departed from the provisions of the statute (Revised Codes, sec. 3459) in providing that interest should be due and payable on the first days of October and April, respectively, instead of on the first days of January and July, respectively, and on the further ground that the bonds had not been sold at auction in pursuance of the notice of sale given and the provisions of the statute (Revised Codes, sec. 3456). One of the principal questions involved in this case is whether the bonds were properly authorized by the election, and will be valid if issued and sold under an ordinance passed by the city council on March 1, 1909. But, even if the issues in the two actions were the same, this would not preclude any other taxpayer from testing the validity of the bonds by action in one of the state courts. Nor would an action by a taxpayer in a state court preclude another from instituting a like action. One taxpayer cannot monopolize all the courts by bringing such an action; nor can he require others to join him in his action, and be confined to the trial of issues formulated by him. Any taxpayer may bring an action in such a case. A judgment obtained upon the questions presented therein, however, would not bind either the court or parties in another action presenting questions arising out of different issues.

The facts revealed by the evidence wholly fail to show that other taxpayers, including the waterworks company, will be injuriously affected by the result of this case. Much evidence was introduced to show that the judgment sought in the district court was, by understanding between the district judge and counsel for plaintiff and the city, to be merely *pro forma* in order to get the case before this court for final decision. There is a conflict of evidence on this point, and it cannot be said that the fact is so clearly and satisfactorily established as to justify a conclusion of this court which would subject the presiding judge and counsel to punishment for contempt as well as leave them open to disbarment proceedings. It is true that there

was no argument when the demurrer was submitted. But the presiding judge was about to leave the city to hold court in Broadwater county, and was pressed for time, and counsel both stated that they were ready to submit briefs if he required them. While it appears from his affidavit that he subsequently overruled the demurrer without examination of the complaint, this fact does not prove that the issue is feigned, or that the plaintiff's case did or does not deserve consideration. Besides, it appears that prior to the institution of this action the plaintiff contemplated bringing an action to test the validity of the issue of bonds which were in controversy in the federal court, but desisted, being ready, as he said, to abide by the action of that court. When it was expected that another ordinance would be passed obviating the defects in the proceedings affecting the first issue, he authorized his counsel to prepare his complaint and be ready to proceed. He assumed to pay, and testified that he expected to pay, the necessary costs and counsel fees; that he had no understanding or agreement with anyone as to the bringing of the suit or as to the issues that he would present therein, or that anyone would bear any part of the expenses. He stated that he voted for the bonds, and that he desired to see the city own its own water supply and plant. Whether the court reversed the judgment of the district court or not, he wished to see the validity of the bonds tested and the controversy over the issuance of bonds for that purpose, which had existed for so long a time, a fact not disputed by anyone, finally settled, and that his purpose in bringing the action was to accomplish this end. While he did not state that he desired to see the judgment of the district court reversed and the bonds declared valid, the inference is clear that he would prefer that result. In some cases it has been held that the courts will not entertain an action under such circumstances. (*Berks County* v. *Jones,* 21 Pa. St. 413; *State ex rel. Hahn* v. *City of Westport,* 135 Mo. 120, 36 S. W. 663.) By other courts it is held that, when the controversy involves questions of public interest arising upon the construction or validity of statutes and the like, the fact that the parties entertain the same views

with reference to them does not render the action collusive. The court nevertheless has jurisdiction to proceed and will not dismiss the action, if the sincerity of the plaintiff is apparent. (*Parker* v. *State ex rel. Powell,* 132 Ind. 419, 31 N. E. 1114; *Wilmington & W. R. Co.* v. *Board of Railroad Commissioners* (C. C.), 90 Fed. 33; *Adams* v. *Union R. Co.,* 21 R. I. 134, 42 Atl. 515, 44 L. R. A. 273.)

Counsel for defendant in this case assisted counsel for plaintiff in the preparation of the complaint. So far as the evidence shows, plaintiff had no knowledge of this fact. In pursuing this course, however, counsel did no more than they would have done had they agreed upon a case to be submitted under the statute.

We do not wish to be understood as offering any encouragement to the bringing of actions upon feigned issues for the purpose merely of enabling the parties to ascertain what the law is; yet, under circumstances such as are presented in this case, we are not inclined to refuse to entertain jurisdiction. Counsel for other taxpayers may appear and have the privilege of argument, with the result that the judgment finally rendered in the case will, so far as it determines all questions really at issue, be a just and proper determination of the rights of their clients as well as those of the plaintiff. The motion is denied.

*Motion denied.*

MR. JUSTICE SMITH and MR. JUSTICE HOLLOWAY concur.