STATE EX REL. BEGEMAN, RESPONDENT, v. NAPTON, APPELLANT.

SUPREME COURT—*Fictitious appeal.*— No jurisdiction will be taken of an appeal from an order of the trial court issuing a mandamus, where it appears that the writ has been obeyed pending the appeal.

*Appeal from Third Judicial District, Deer Lodge County.*

Judgment was rendered by DURFEE, J., for relator, on application for a writ of mandate.

*W. S. Shaw,* County Attorney, and *Henri J. Haskell,* Attorney-General, for Appellant.

*H. R. Whitehill,* for Respondent.

DE WITT, J.— The relator applied to the Third District Court for a writ of mandamus requiring the appellant Napton, clerk of the District Court, to issue to relator a certificate of his mileage and attendance as a trial juror at that court.

The District Court ordered the writ to issue. The clerk appeals. But counsel inform this court that the clerk has obeyed the writ of the District Court, and issued the certificate; that the decision of this court is not expected to affect this case, but

that this appeal is taken only for the purpose of having this court establish a rule for the government of the appellant in the future.

A judgment of any kind from this court would present a peculiar result. An affirmance would be to direct the District Court to issue a writ, which that court has already issued, and which has been obeyed. A reversal would be to say to the lower court, you may not order the clerk to do that which he has already fully performed. It is apparent that there is no controversy before us. The case is fictitious.

We are of the opinion that it is not a safe precedent to depart from the rule, that courts will hear only genuine controversies, and will not tender advice upon matters not in litigation. For the reasons stated we decline to take jurisdiction of the appeal.

BLAKE, C. J., and HARWOOD, J., concur.