HOSKINS, RESPONDENT, *v.* McGIRL, APPELLANT.

[Submitted April 6, 1892. Decided May 16, 1892.]

APPEAL—*Judgment of dismissal.* — An appeal taken from a judgment dismissing an action without prejudice, will not be entertained by this court where it appears that after such dismissal another suit was commenced upon the same cause of action which is still pending, and the issues between the parties could not be determined by a decision on the appeal. (*State ex rel. Begeman* v. *Napton,* 10 Mont. 369, cited.)

*Appeal from Seventh Judicial District, Yellowstone County.*

The action was dismissed without prejudice by CHARLES R. MIDDLETON, judge *pro tem,* sitting in place of MILBURN, J. Appeal dismissed.

*O. F. Goddard,* for Appellant.

*E. P. Cadwell,* for Respondent.

De Witt, J. — This action was for the foreclosure of a mortgage given to secure an obligation upon a written instrument, which the parties called a promissory note. The answer sets up several defenses. The pleadings seem to indicate that "a complete determination of the controversy cannot be had without the presence of the other parties." (Code Civ. Proc. § 26.) That this was also in the mind of the court seems to be indicated in the findings. But the court did not order such other parties to be brought in. (Code Civ. Proc. § 26.) After making several findings and conclusions, the court concludes that the action should be dismissed without prejudice. The defendant appeals.

Upon the argument the counsel informed this court that after the dismissal of this case in the District Court another suit was commenced upon the same cause of action, and is now pending. The effect of dismissal without prejudice is that such a judgment of dismissal is not a bar to another action. (Black on Judgments, § 721, and cases cited.) The issues in this action so dismissed were somewhat complicated, and the dismissal without prejudice leaves them wholly undetermined. This appeal presents conditions somewhat anomalous. There is, in fact, nothing to be determined by a decision in this court. If the judgment of the District Court be affirmed, it is simply affirming the dismissal therein without prejudice, and the parties may go on with the other action, which they inform us was commenced on this dismissal, and is now pending, and in such action the merits can be determined. The action having been dismissed without prejudice, this can result in no bar to adjudicating in the action now pending the alleged rights found by the jury in the case dismissed. If, on the other hand, judgment should be entered on the verdict of the jury, which the District Court set aside, this would still leave other issues in the action wholly undetermined; issues upon which this court is in no position, with this record, to make any order whatever. Therefore, in this action it is apparent that this appeal must be so determined as to leave the parties in an attitude to present all the issues in-

volved in the case which is now pending.    We decline to entertain the appeal.    (*State ex rel. Begeman* v. *Napton,* 10 Mont. 369.)

Let the case be remanded to the District Court with the foregoing expression of our views.

*Remanded.*

BLAKE, C. J., and HARWOOD, J., concur.