Decided April 11, 1898.

**JACKSONVILLE SCHOOL DISTRICT *v.* CROWELL.**

[52 Pac. 698]

MANDAMUS—APPEAL—An appeal from a peremptory writ of mandamus requiring county commissioners to levy an additional tax will be dismissed, where it was not taken until after the commissioners had complied with the terms of the writ.

From Jackson : H. K. HANNA, Judge.

The county court, having complied with a peremptory writ of mandamus, appeals. Respondent moves to dismiss.

DISMISSED.

*Mr. A. Evan Reams*, for the motion.

*Mr. Chandler B. Watson, contra.*

Mr. Chief Justice Moore delivered the opinion.

This proceeding was instituted by plaintiff against the defendants, W. S. Crowell, county judge, and Martin Perry and W. H. Bradshaw, county commissioners, of Jackson County, to compel them, as the county court of said county, to perform an alleged duty enjoined upon them by law, towit : to levy an additional tax upon each dollar of the taxable property of said county for school purposes ; and at the trial thereof the court awarded a peremptory writ of mandamus, as prayed for in the petition. The county court obeyed the command, in pursuance of which it levied an additional tax of one and two-tenths mills, which was duly extended upon the tax roll of said county, and a warrant attached thereto commanding the sheriff to collect the same. Thereafter defendants perfected an appeal, which plaintiff's counsel move to dismiss, contending that the compliance with the terms of the peremptory writ waived the right of appeal ; while defendants' counsel insist that the statute under which the writ was allowed is violative of the constitution, and, such being the case, the legislative act should receive judicial construction, notwithstanding the mandate has been obeyed. But it is urged in plaintiff's behalf that, the tax having been levied, and the greater portion thereof collected, in pursuance of the peremptory writ, a reversal of the judgment would not place the taxpayers whose property was affected thereby in *statu quo*, and that the ministerial duty of levying the tax, which the law enjoins, having been fully performed, the county court is powerless to review its action, and hence a judgment of reversal would have nothing upon which it could operate.

The power of a superior court to compel an inferior court, corporation, board, officer or person to perform an act which the law specially enjoins, as a duty resulting from a trust or station, continues until such act is accomplished, upon the performance of which the court must necessarily lose jurisdiction of the person and subject-matter; for it must be admitted that it would be a vain thing, indeed, to adjudge that an inferior tribunal was under no obligation to perform an act after it had been fully accomplished. The rule is general that an appellate court cannot, without express statutory authority, assume jurisdiction of or express opinions which will be of any binding force upon a disputed question of law, unless it is involved in a substantial controversy existing between adverse parties and brought before such court for review in the manner prescribed by law : 2 Enc. Pl. & Prac. 341; Elliott, App. Proc. § 520; *Lord* v. *Veazie,* 49 U. S. (8 How.) 251; *Wood Paper Co.* v. *Heft,* 75 U. S. (8 Wall.) 333; *Little* v. *Bowers,* 134 U. S. 547 (10 Sup. Ct. 620) ; *Singer Manufacturing Co.* v. *Wright,* 141 U. S. 696 (12 Sup. Ct. 103) ; *California* v. *San Pablo R. Co.,* 149 U. S. 308 (13 Sup. Ct. 876); *Mills* v. *Green,* 159 U. S. 651 (16 Sup. Ct. 132).

In *Cutcomp* v. *Utt,* 60 Iowa, 156 (14 N. W. 214), the trial court having refused to grant a writ of mandamus to compel defendant, as mayor of a city, to issue to plaintiff a license to sell wine and beer for the period of one year from April 13, 1881, under an ordinance which provided that an annual license might be issued to the keepers of wine and beer saloons for the sum of $20, plaintiff appealed from the judgment; and it appearing that, after the license was applied for, the ordinance in question had been amended so as to require the payment of $1,000 for such license, the appellate court refused to remand the cause for the purpose of determining what plaintiff's

rights were under the original ordinance. In *Hice* v. *Orr*, 16 Wash. 163 (47 Pac. 424), it was held that an appeal in a mandamus proceeding to compel a mayor to appoint a city attorney should be dismissed where, pending such appeal, the mayor appoints a city attorney, and the appointment is confirmed by the city council, since such appointment settles the controversy to be determined. In *People* v. *Common Council of Troy*, 82 N. Y. 575, which was a mandamus proceeding to compel the common council to appoint police commissioners under an act of the legislative assembly, the writ was denied ; and, pending an appeal from such judgment, it appeared that the terms of office of the commissioners to be appointed had expired. It was held that the appeal should be dismissed. In *Re Manning*, 139 N.ˑY. 446 (34 N. E. 931), a peremptory writ of mandamus having been issued, commanding the mayor of Albany to cause to be published the lists of inspectors and clerks of an election, an appeal therefrom was taken, pending which the election was held, and the powers of such inspectors and clerks were exhausted and their terms of office expired, in view of which it was held that the appeal should be dismissed.

In *State* v. *Napton*, 10 Mont. 369 (25 Pac. 1045), a peremptory writ of mandamus was issued commanding the defendant, as clerk of the district court, to issue to the relator a certificate evidencing his mileage and attendance as a trial juror, from which judgment the defendant appealed, pending which he obeyed the order of the court, whereupon the appeal was dismissed. DE WITT, J., in rendering the decision, says : "A judgment of any kind from this court would present a peculiar result. An affirmance would be to direct the district court to issue a writ, which that court has already issued, and which has been obeyed. A reversal would be to say to the lower court : ' You may not order the clerk to do that which he

has already fully performed.' It is apparent that there is no controversy before us." In *San Diego School District* v. *Board of Supervisors*, 97 Cal. 438 (32 Pac. 517), the board of supervisors having refused to levy a tax sufficient to raise the amount of money estimated to be needed for school purposes, a peremptory writ of mandamus was issued, commanding it to make the required levy ; and, upon the service of the writ, the mandate was complied with, and the tax levied as demanded by the court. Thereupon an appeal was perfected, in dismissing which HARRISON, J., says : "The defendant voluntarily complied with the mandate of the court, and the judgment was thereupon satisfied, and its force exhausted. After it had thus been satisfied, there was nothing in the judgment which the court had rendered of which the defendant could complain, or about which it could say that it was aggrieved. A reversal of the judgment would not of itself set aside the levy of the tax which had been made, nor did the appellant, by its compliance with the judgment, lose any property or rights of which restitution could be made in case of a reversal." It follows from the rule announced in these cases that the appeal must be dismissed, and it is so ordered.

DISMISSED.

Decided April 11, rehearing denied June 20, 1898.