WILLIAM BETTS, DIRECTOR OF SCHOOL DISTRICT No. 94, v.
STATE OF NEBRASKA, EX REL. PETER JORGENSEN.

FILED JANUARY 21, 1903.  No. 12,514.

Commissioner's opinion, Department No. 1.

Mandamus: REVIEW: RIGHT OF RESPONDENT: STATEMENT OF CASE.
A respondent in mandamus proceedings, against whom a writ
has been issued, and who has performed its commands, after
the allowance of a supersedeas and before his motion for a
new trial has been disposed of, is not entitled to a review in
this court of the question whether the writ should have orig-
inally been granted, especially where the judgment complained
of provides for his reimbursement for costs and where his
official term has meanwhile expired.

ERROR from the district court for Cass county. Applica-
tion for a writ of mandamus to compel the director of a
school district to examine and approve the bond of a school-
district treasurer. Tried below before JESSEN, J. Peremp-
tory writ allowed. *Error proceeding dismissed.*

*Harvey D. Travis,* for plaintiff in error.

*Samuel M. Chapman* and *A. M. Russell, contra.*

LOBINGIER, C.

This was an application for a peremptory writ of man-
damus to compel the respondent, as director of school dis-
trict No. 94, Cass county, to examine and approve the bond
of the relator as treasurer of said district. The alternative
writ recited that the relator, "within the time required by
law duly executed and presented to the school board of said
school district * * * a good and sufficient undertaking as
required by law in compliance and in conformity with the
laws of the state," and that respondent "refused to examine
and approve said undertaking." The return to the writ,
which was in the form of an ordinary answer, was in effect
a general denial, coupled with certain admissions. Upon
a hearing the court found generally in the relator's favor

Syllabus by court; catch-words by editor.

and specifically "that on October 27, 1900, relator ten-
dered to the respondent a valid bond, which the respondent
then and there refused to approve." A peremptory writ
was thereupon awarded and the judgment contained the
following clause: "It is further considered by the court
that the respondent is adjudged to pay all the costs of this
action; when paid into court by respondent, shall be repaid
to the respondent by the said school district No. 94, and
said district is directed to so proceed as soon as said costs
are paid into court by respondent and supersedeas fixed at
$100." After a motion for a new trial had been overruled,
but without executing a supersedeas bond, the respondent
brought the case here on error. His principal contentions
are that the bond was never delivered to him for filing, nor
its approval demanded, and that the sureties thereon are
not shown to have been freeholders as required by section
9 of chapter 10 of the Compiled Statutes*; and he relies
upon *Woodward v. State*, 58 Nebr., 598. The trial court
evidently took the view that the demand for approval was
rendered unnecessary by the conduct of respondent; that
the case was governed by *State v. Baushausen*, 49 Nebr.,
558, 561; and that the recitals of the alternative writ were
sufficient, in the absence of a motion for a more specific
statement, to show the presentation of a bond with all the
requisites, including the signatures of qualified sureties.

We do not deem it necessary or advisable to enter upon
a discussion of these questions or to determine which of
these diverse views is correct, for, in our opinion, the case
must be disposed of on other grounds. A few days after
the entry of the judgment, and long before the motion for
a new trial had been disposed of, the respondent filed with
the clerk of the district court the following paper:

"Comes now the respondent and because an execution
has been issued against him in said cause here, now, to save
further costs pays into court under protest the amount of
the judgment for said costs taxed at $65.98 and shows to
the court that he has approved the bond as ordered by the

*Cobbey's Annotated Statutes, sec. 9008.

court in above cause all under protest, and at all times excepting to the order of said court in the premises.

"January 14, 1901. WILLIAM BETTS,

"By H. D. TRAVIS, *his atty.*"

It is also stated in the brief of relator, and not denied in that of respondent, that the school district "has repaid respondent the costs adjudged against him, and respondent received and accepted the same." It is true that this fact does not appear in the record, but it does appear, as we have seen, that this action was required of the district as one of the conditions of the judgment sought to be reversed, and no one is here on behalf of the district complaining of this order. Such being the facts, the case falls within the rule announced as follows in *City of San Diego v. Board of Supervisors,* 97 Cal., 438, where the respondents, after resisting an application for mandamus to compel them to levy a tax, complied with the commands of the writ and then took an appeal: "The defendant voluntarily complied with the mandate of the court, and the judgment was thereupon satisfied and its force exhausted. After it had thus been satisfied, there was nothing in the judgment which the court had rendered of which the defendant could complain, or about which it could say that it was aggrieved. A reversal of the judgment would not of itself set aside the levy of the tax which had been made, nor did the appellant, by its compliance with the judgment, lose any property or rights of which restitution could be made in case of a reversal. Code of Civil Procedure, sec. 957. The proceeding was for the purpose of compelling the defendant to perform an official duty, and not one in which it had any personal rights to be effected." See, to the same effect, *Leet v. Board of Supervisors,* 47 Pac. Rep. [Cal.], 595. Under similar facts it was observed in *State v. Napton,* 10 Mont., 369, 370: "A judgment of any kind from this court would present a peculiar result. An affirmance would be to direct the district court to issue a writ, which that court has already issued, and which has been obeyed. A reversal would be to say to the lower court, you may not order the clerk

to do that which he has already fully performed. It is apparent that there is no controversy before us. The case is fictitious." It is true that the respondent declares that he approved the bond under protest, but he failed to make his protest effective, as he might have done by taking advantage of the supersedeas which the court had a right to grant (*Cooperrider v. State,* 46 Nebr., 84; *Home Fire Ins. Co. v. Dutcher,* 48 Nebr., 755, 762), and which he might have perfected by depositing or giving a bond for a sum about one-half more than that which he claims to have paid into court. Moreover, his payment of costs, even if he has not been reimbursed, will not alone afford such a subject of controversy as an appellate court will consider. *State v. Meacham,* 17 Wash., 429; *Moores v. Moores,* 36 Ore., 261; *State v. Sloan,* 69 N. Car., 128; *State v. Richmond D. R. Co.,* 74 N. Car., 287. Besides, his motion for a new trial was still pending and if he had confidence in his grounds he should, at least, have exhausted that remedy. The respondent's course in performing the commands of the writ leaves no controversy involving any substantial right. As was said in *Matter of Manning,* 139 N. Y., 446, 448, which was an application for a writ to compel the respondent to publish lists of election officers under a charter since expired: "The appeal does not now present an actual litigation but an abstract question. The practice of this court has been to refuse to entertain appeals when it is plain that nothing can be accomplished by the decision. * * * The demands of actual practical litigation are too pressing to permit the examination or discussion of academic questions, such as this case in its present situation presents." This language is peculiarly applicable to this court with its overcrowded docket. If the question were at all in doubt we would be disposed to adopt a rule which would discourage the prosecution to this court of proceedings where the sole object is personal vindication or the settlement of merely hypothetical questions. The doctrine above stated is, however, well supported by the authorities. See, in addition to the foregoing, *Jacksonville*

*School District v. Crowell,* 33 Ore., 11; *People v. Common Council of Troy,* 82 N. Y., 575; *People v. Phillips,* 67 N. Y., 582; *Bryant v. Thompson,** 128 N. Y., 426; *People v. Walter,* 68 N. Y., 403; *Ellis v. Whitaker,* 62 Kan., 582; *Hice v. Orr,* 16 Wash., 163; *Outcomp v. Utt,* 60 Ia., 156; *People v. Leavitt,* 41 Mich., 470. Indeed, we have found but one case (*Commissioners of Polk County v. Johnson,* 21 Fla., 577), holding that an appeal may be prosecuted from the allowance of a peremptory writ of mandamus after its commands have been performed. The opinion there contains no discussion of the point on principle and no reference to any of the authorities above reviewed, while anything in its favor in *O'Hara v. MacConnell,* 93 U. S. [3 Otto], 150, on which it relies, is rendered clearly inapplicable by later decisions of the federal supreme court. *Mills v. Green,* 159 U. S., 651, and cases there cited.

There is still another ground upon which it would seem that the case might be disposed of. The term which respondent was serving when the writ was issued has expired. At the hearing in January, 1901, he testified that he had held the office of director "two years last annual meeting." His term must have ended, therefore, at the annual meeting in June, 1901. Compiled Statutes, ch. 79, subdiv. 3, sec. 1.† We can not presume that he was reelected, and there is no showing or intimation that he was. The case, therefore, would seem to fall within the rule of *Edgerton v. State,* 50 Nebr., 72, where, because respondent's term of office had expired, it was declared that "there is presented upon the record no existing substantive matter of right of plaintiff in error for our consideration." See, also, *State v. Grand Jury,* 37 Ore., 542; *People v. Common Council,* 82 N. Y., 575. The rule is especially applicable where the aid of the appellate court is not invoked until after the expiration of the term. *Schrader v. State,* 157 Ind., 341. The petition in error before us was filed January 8, 1902.

* 13 L. R. A., 745.

† Cobbey's Annotated Statutes, sec. 11045.

Relator asks an affirmance and not a dismissal; but in our view, the case is one which requires the latter disposition. In some of the New York and California cases above cited, as well as in *Edgerton v. State,* 50 Nebr., 72, the court appears to have entered such an order on its own motion and without an application on the part of the relator. And in *Mills v. Green,* 159 U. S., 651, the rule is announced that: "When, pending an appeal from the judgment of a lower court, and without any fault of the defendant, an event occurs which renders it impossible for the appellate court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief, the court will not proceed to a formal judgment, but will dismiss the appeal." On the same principle we recommend that this error proceeding be dismissed.

HASTINGS AND KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the error proceeding is

DISMISSED.