SNELL, RESPONDENT, *v.* WELCH ET AL., APPELLANTS.

(No. 1,955.)

(Submitted June 23, 1903.   Decided July 14, 1903.)

### *Fictitious Appeal—Dismissal.*

Where, after the service of an order, made in a suit, restraining defendants
from awarding any contracts under a legislative Act, defendants awarded
contracts in a manner satisfactory to plaintiff in the suit, the appeal by
defendants from the order will be dismissed.

*Appeal from District Court, Lewis and Clarke County; J. M. Clements, Judge.*

SUIT by Chas. H. Snell against W. W. Welch and others,
members of the textbook commission of Montana.   From an
order restraining defendants from proceeding under an Act of
the legislature, defendants appeal.   Appeal dismissed.

*Mr. James Donovan, Attorney General,* for Appellants.

*Mr. Robert B. Smith, Mr. Edward Horsky,* and *Mr. E. A. Carleton,* for Respondent.

PER CURIAM.—This cause is before the court upon the appeal of the defendants from an order enjoining them "from
proceeding or acting under a certain Act of the Eighth Legislative Assembly of the State of Montana, to-wit, Senate Bill
No. 84, entitled 'An Act to create a state textbook commission
for the purpose of adopting and maintaining a uniform series
of textbooks for the public schools of Montana; to regulate the
price of same; define the duties and powers of said commission
and appropriating a sum of money named therein for the expenses of said commission,' approved March 7, 1903 (Chapter
122, Laws of 1903); or from receiving any bid or bids, or letting any contract or contracts, for the furnishing of public school

textbooks under said Act, unless they shall receive, consider, and treat any and all bids which may be offered for the furnishing of said textbooks, or from awarding any contract or contracts therefor, irrespective of whether the bidder or bidders attach to said books the union label or not." The Act referred to is entitled as stated in the above order, and provides, among other things, that "all textbooks shall bear the union label."

It is certain from statements made by counsel for appellants and respondents, respectively, to this court, during the argument, that the defendants, after service of the injunction order, at the time and place prescribed in the Act, met for the purpose of letting all necessary contracts for the awarding of which the meeting was held under the law, and did let the same; the letting of all being done in the way and manner satisfactory to both appellants and respondent, and then adjourned. There is nothing in this case now for us to decide. It has been disposed of by the parties themselves pending the appeal. If the defendants (appellants here) desired to have the courts consider and decide the questions involved in the case, they might have adjourned from day to day without action, until the cause —which had been advanced upon the calendar upon their motion and set for hearing—had been decided. This they did not do. They have acted, and presumably they have obeyed the order of the lower court.

We are to decide questions arising and undetermined in a case pending, and we may "not tender advice upon matters not in litigation." (*State ex rel. Begeman* v. *Napton*, 10 Mont. 369, 25 Pac. 1045.) The appeal is dismissed.

*Dismissed.*