STATE EX REL. BRASS, RESPONDENT, *v.* HORN, POLICE JUDGE, APPELLANT.

(No. 2,473.)

(Submitted January 15, 1908. Decided January 25, 1908.)

[93 Pac. 351.]

*Mandamus — Appeal—Dismissal—Moot    Questions—Stay—Supreme  Court—Supersedeas—Review.*

*Mandamus*—Appeal—Moot Questions.
  1.  An appeal from an order granting a writ of *mandamus* to compel the transfer of a cause, the complaint in which charged the violation of a city ordinance, from a police to a justice of the peace court, will be dismissed, where it appears that the mandate of the district court had been fully complied with on the day the appeal was taken, and that the only purpose sought by it was a decision upon a moot question relative to jurisdiction.

Appeal—Its Purpose.
  2.  The purpose of an appeal is to relieve a party who has been aggrieved by the judgment or order complained of, and to restore him to the position which he occupied in the controversy before the judgment was rendered or the order made.

*Mandamus*—Appeal—Stay—*Supersedeas.*
  3.  Even if a stay, in a case where a writ of mandate is issued by the district court to compel the transfer of a cause from a police to a justice of the peace court, is not provided for in the Code of Civil Procedure (a question not decided), still the supreme court has power, under section 3, Article VIII of the Constitution, to issue a *supersedeas,* or any other appropriate writ, to effectuate its appellate jurisdiction, and thus to insure the aggrieved party an appeal which might otherwise be of no value.

*Appeal from District Court, Lewis and Clark County; J. M. Clements, Judge.*

MANDAMUS by the state, on the relation of John Brass, to compel Charles Horn, as police judge of the city of Helena, to transfer a charge against relator to the nearest justice of the peace of said city.  From a judgment awarding the writ, respondent appeals.  Appeal dismissed.

*Mr. E. C. Russell,* for Appellant.

*Mr. E. A. Carleton,* for Respondent.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

On May 20, 1907, the relator was, by complaint filed in the police court of the city of Helena, charged under an ordinance with disturbing the peace. Having been arrested and brought into court, he entered his plea of not guilty, and thereupon made his application to the court, upon affidavit setting forth his grounds therefor, for a transfer of the cause for trial to the nearest justice of the peace in the city. The application was denied. Thereupon he applied to the district court of Lewis and Clark county for a writ of *mandamus* to compel the transfer to be made. After a hearing, the court entered judgment awarding the writ. Thereupon the defendant appealed.

As soon as the record was filed in this court, the relator moved to dismiss the appeal on the ground that the defendant had fully complied with the writ, and thus satisfied the judgment, before the appeal was taken. The motion was directed to be submitted at the hearing on the merits. This has been done.

It appears from the record and briefs of counsel that the defendant fully complied with the mandate of the district court on the same day the appeal was taken, and that the only purpose sought by the appeal is to have this court decide the moot question whether the statutes defining the jurisdiction of police and justice of the peace courts authorize a change of venue from the former to the latter in cases arising under the ordinances of a city and prosecuted in the name of the city.

In *State ex rel. Begeman* v. *Napton,* 10 Mont. 369, 25 Pac. 1045, this court held that jurisdiction would not be taken of an appeal from a judgment of a trial court directing a writ of *mandamus* to issue, when it appeared that the writ had been issued and obeyed pending the appeal. The court said: "We are of the opinion that it is not a safe precedent to depart from the rule that courts will hear only genuine controversies, and will not tender advice upon matters not in litigation."

In *Snell* v. *Welch et al.,* 28 Mont. 482, 72 Pac. 988, an injunction had been issued by a district court restraining the de-

fendants from letting contracts under an Act of the legislature providing for a uniform series of text-books for use in the public schools. The defendants appealed. Pending the appeal the parties settled their differences and the contracts were let. The court, on the authority of *State ex rel. Begeman* v. *Napton, supra,* refused to hear the appeal, saying: "There is nothing in this case now for us to decide. It has been disposed of by the parties themselves pending the appeal."

Again, in *In re Black's Estate,* 32 Mont. 51, 79 Pac. 554, there was an appeal by two of the distributees from a decree of distribution and from an order denying them a new trial. Immediately after the decree had been made and entered, but before the order denying the motion had been made, the appellants made settlement with the administrator, receipting him · in full for their distributive shares. Upon this fact being made to appear to this court, the appeals were dismissed. It was held to be an insuperable objection to the entertainment of the appeals that, in case of a reversal of the decree, the parties would not stand relatively in the same position as when the decree was entered, and so the district court could not retry the issues and do justice to the parties.

So here, it would serve no useful purpose to reverse the judgment appealed from, because the cause was, immediately upon the issuance of judgment and service of the writ, transferred to the justice, and has doubtless long since been disposed of. The parties cannot, under these circumstances, be put in *statu quo.* The very purpose of an appeal is to relieve a party who has been aggrieved by the judgment or order complained of, and to restore him to the position occupied by him in the controversy before the judgment was rendered or the order made.

On the ground stated in the motion as well as for the reasons stated in *In re Black's Estate, supra,* we do not think the appeal should be determined on the merits.

But counsel for appellant insists that, since the statutes (Code Civ. Proc., secs. 1726, 1733) do not provide a stay of the execution of the judgment in such cases, and since the defend-

ant was bound to obey the writ at the peril of punishment for contempt (Code Civ. Proc., secs. 1973, 2170; *State ex rel. Coad* v. *District Court,* 23 Mont. 171, 57 Pac. 1095), an application of the rule of the *Begeman and Snell Cases, supra,* will deprive him of his right of appeal, guaranteed under the Constitution (Constitution, sec. 15, Art. VIII, as construed in *Finlen* v. *Heinze,* 27 Mont. 107, 69 Pac. 829, 70 Pac. 517, and *Raymond* v. *Raymond,* 32 Mont. 170, 79 Pac. 1056). We shall not pause to consider the question whether the sections of the statute, *supra,* prohibit, or do not provide for, a stay in such cases. It may be conceded that they do not; yet it does not therefore follow that the defendant may not nevertheless have a stay of execution and therefore an effective appeal. Under another provision of the Constitution (sec. 3, Art. VIII) this court has power to effectuate its appellate jurisdiction by the use of any original or remedial writ which the necessities of a particular case may demand. (*Finlen* v. *Heinze, supra.*) This, of course, includes the power to issue a *supersedeas* or any other appropriate writ in aid of an appeal which would otherwise be ineffectual.

Let the appeal be dismissed.

*Dismissed.*

MR. JUSTICE HOLLOWAY and MR. JUSTICE SMITH concur.