STATE ex rel. KURTH et al., Respondents, v. GRINDE
et al., Appellants.

(No. 7,243.)

(Submitted April 13, 1934.   Decided April 24, 1934.)

[32 Pac. (2d) 15.]

*Mr. Charles Davidson,* for Appellants, submitted a brief, and argued the cause orally.

*Mr. E. J. Stromnes* and *Mr. W. P. Costello,* for Respondents, submitted a brief; *Mr. Stromnes* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This is a proceeding instituted in the district court of Cascade county to compel the respondents above named, appellants here, to reinstate relator Lloyd S. Kurth, as water registrar of the city of Great Falls. The cause was tried to the court on an agreed statement of facts. So far as material, the agreed statement shows that the five relators, other than Lloyd S. Kurth, and the five appellants, other than Martin Grinde and Edwin A. Pierse, are aldermen of the city of Great Falls; that in December, 1927, the city passed and approved an ordinance establishing the office of water registrar and defining his duties, which ordinance has ever since been in full force and effect; that relator Lloyd S. Kurth was appointed water registrar on May 4, 1931, by the then mayor of the city, with the consent of the city council; that he qualified as such and entered upon the discharge of his duties; that on the first Monday in May, 1933, appellant Martin Grinde became, and ever since has been, the duly elected and qualified mayor of the city; that at every regular meeting of the council, commencing on May 8, 1933, and extending to June 12, 1933, Grinde, as mayor, nominated different persons to the offices of city engineer and water registrar; that on each occasion the council by a vote of six to four refused to confirm any of the appointments; that appellant Allen Pierse voted against the confirmation of all such nominees; that on the 26th of June, 1933, Grinde nominated Edwin A. Pierse, son of Allen Pierse, for the office of water registrar; that the vote of the council on his confirmation resulted in a tie vote, the five relators who are aldermen voting against the confirmation, and the five appellant aldermen voting in favor of the confirmation; that thereupon Grinde, as mayor, cast the

deciding vote in favor of confirmation; that Lloyd S. Kurth thereupon surrendered to Edwin A. Pierse the possession of the office, together with the books, records, vouchers, papers and money pertaining thereto, without waiver of his right to be reinstated in the event it should be determined that the appointment of Edwin A. Pierse was void under Chapter 12 of the Laws of 1933; that since June 30, 1933, Edwin A. Pierse has held, and continues to hold, the sole and exclusive possession of the office, and claims the right to continue in possession and enjoyment and to receive the emoluments thereof, and refuses to surrender possession thereof to relator Kurth. It was also stipulated that the relators, if successful in the proceedings, are entitled to reasonable attorney's fees to be fixed by the court.

The court on November 13, 1933, found in favor of relators and against the appellants, and ordered the issuance of a peremptory writ of mandate. The writ issued November 20, 1933, commanded appellants to restore and reinstate relator Kurth in and to the exclusive possession of the office, and to make return to the court how the writ had been executed. On November 22d appellants, through their counsel, made return to the writ, showing that Edwin A. Pierse, acting under the directions of the peremptory writ, had delivered possession of the office to relator Kurth, together with the books and records connected with the office, and given to him the keys of the office, and that Kurth thereupon resumed possession thereof. The appeal is from the judgment.

Several specifications of error are made by appellants. Before proceeding to their consideration, we must determine the preliminary question urged by relators that the appeal should be dismissed because of the showing made by the return that the writ had been fully complied with.

It is generally held that, after the commands of a writ of mandate have been complied with, the question whether the writ should have been granted will not be reviewed. (38 C. J. 941; 18 R. C. L. 364.) This court has

applied the rule in a mandamus proceeding in *State ex rel. Bergeman* v. *Napton,* 10 Mont. 369, 25 Pac. 1045, in *State ex rel. Lockwood* v. *Tyler,* 64 Mont. 124, 208 Pac. 1081, and in *State ex rel. Brass* v. *Horn,* 36 Mont. 418, 93 Pac. 351. The same view has been taken with respect to a writ of prohibition (*State ex rel. Hauswirth* v. *Beadle,* 90 Mont. 24, 300 Pac. 197), a writ of injunction (*Snell* v. *Welch,* 28 Mont. 482, 72 Pac. 988), and a decree awarding specific performance of a contract (*Fox* v. *Hacker,* 68 Mont. 413, 220 Pac. 749).

But here, as above noted, the case was submitted to the court for final determination on an agreed statement of facts. In such circumstances it is immaterial what the form of the action is. The relief which the facts warrant will be granted whatever the form of the action. (*United States Nat. Bank* v. *Great Western Sugar Co.,* 60 Mont. 342, 199 Pac. 245.)

While mandamus is a proper remedy for one having the prima facie right to an office to obtain possession thereof, it is not the proper remedy to try title to an office. (*State ex rel. Erickson* v. *Magie,* 183 Minn. 60, 235 N. W. 526, 84 A. L. R. 1111, and note on p. 1115 et seq.) Here the question as to which one of the conflicting contenders is entitled to the possession of the office is inseparably connected with and dependent upon who has the title to the office. The agreed statement presents facts from which it must be determined who has the title to the office in question before the right of possession thereof may be determined, and the proceeding is essentially one in *quo warranto* under section 9576 et seq., Revised Codes of 1921, even though the complaint sought a writ of mandate. In *quo warranto* proceedings there is no stay of execution on appeal. (Sec. 9601, Id.)

Appellant Edwin A. Pierse was obliged to yield to the judgment of the district court, and, having done so, is not precluded from having his appeal heard on the merits; and if he is entitled to a reversal of the judgment, this

court "may compel the relator to surrender to defendant all the books, papers and insignia of the office belonging or appertaining to the office in question." (51 C. J. 364.) We have that right under section 9752, Revised Codes 1921. (*People ex rel. Dailey* v. *Livingston*, 80 N. Y. 66.) We may exercise the right of compelling restitution by our own mandate or direct the lower court to do so. (*Burgess* v. *Lasby*, 94 Mont. 534, 24 Pac. (2d) 147.)

Our conclusion is that the fact that the order or judgment of the district court has been complied with does not warrant us in dismissing the appeal.

This brings us to the only question necessary for determination on the merits, viz., whether the appointment of Edwin A. Pierse was unlawful as in conflict with Chapter 12, Laws of 1933.

Section 1 of that chapter defines "nepotism" as "the bestowal of political patronage by reason of relationship rather than of merit."

Section 2 provides: "It shall be unlawful for any person or any member of any board, bureau or commission, or employee at the head of any department of this state or any political subdivision thereof to appoint to any position of trust or emolument any person or persons related to him or them or connected with him or them by consanguinity within the fourth degree, or by affinity within the second degree. It shall further be unlawful for any person or any member of any board, bureau or commission, or employee of any department of this state, or any political subdivision thereof to enter into any agreement or any promise with other persons or any members of any boards, bureaus or commissions, or employees of any department of this state or any of its political subdivisions thereof to appoint to any position of trust or emolument any person or persons related to them or connected with them by consanguinity within the fourth degree, or by affinity within the second degree."

Section 3 provides: "Any public officer or employee, or any member of any board, bureau or commission of this state or any political subdivision thereof who shall, by virtue of his office, have the right to make or appoint any person to render services to this state or any subdivision thereof, and who shall make or appoint to such services or enter into any agreement or promise with any other person or employee, or any member of any board, bureau or commission of any other department of this state or any of its subdivisions to appoint to any position any person or persons related to him or them, or connected with him or them by consanguinity within the fourth degree, or by affinity within the second degree, shall thereby be guilty of a misdemeanor and upon conviction thereof shall be punished by a fine not less than Fifty Dollars nor more than One Thousand Dollars, or by imprisonment in the county jail for not less than six months, or by both such fine and imprisonment.''

It is urged by appellants that, since this is a penal statute, it must be strictly construed. To this we cannot assent. Section 10710, Revised Codes 1921, provides: "The rule of the common law, that penal statutes are to be strictly construed, has no application to this code. All its provisions are to be construed according to the fair import of their terms, with a view to effect its object and to promote justice." (Compare *Continental Supply Co.* v. *Abell,* 95 Mont. 148, 24 Pac. (2d) 133.) Our duty is but to ascertain the intention of the legislature. (Sec. 10520, Rev. Codes 1921.) But this intention is to be ascertained from the terms of the statute, and we may not "insert what has been omitted, or * * * omit what has been inserted." (Sec. 10519, Id.)

With these rules of construction in mind, we proceed to ascertain from the language employed in the statute whether it prohibits the appointment of appellant Edwin A. Pierse under the circumstances here shown. No contention is made that the mayor was prohibited by the statute from appointing Edwin A. Pierse; neither is there any claim that there was an agreement or promise made with

respect to the appointment. The contention is that Allen Pierse is prohibited by the statute from voting for the confirmation because of his relationship to the appointee. The statute by its terms restrains only the appointing power. Its provisions are not sufficiently broad to affect the power or right of one voting for confirmation. Had it been the intention of the legislature to prohibit one from voting for the confirmation of a person within the prohibited degree, it could easily have done so expressly, as was done under the statute considered in *Fairless* v. *Cameron County Water Imp. Dist.*, (Tex. Civ. App.) 25 S. W. (2d) 651, or it might possibly have done so by making it unlawful for anyone to participate in such an appointment, as was done by the statute involved in *Barton* v. *Alexander*, 27 Idaho, 286, 148 Pac. 471, Ann. Cas. 1917D, 729, or possibly by making it unlawful for one to vote for the appointment of any such person, as in the statute considered in *Reddell* v. *State*, 14 Okl. Cr. 199, 170 Pac. 273. We cannot read something into the statute which is not there. Its terms do not make it a misdemeanor for one to vote for confirmation of the appointment of another within the degree of relationship mentioned.

Nor is it of importance that there is just as much reason for condemning a vote on confirmation of one related within the prohibited degree to the appointee as for making the appointment. Remedy must come, if at all, through the legislature.

Since the statute does not restrain one from voting on the confirmation of an appointment within the prohibited degree of relationship, there is nothing in the statute preventing appellant Allen Pierse from voting in favor of the confirmation of the appointment of his son. In consequence, on the record presented, Edwin A. Pierse is the duly appointed water registrar, and the court erred in finding otherwise.

The judgment is reversed, and the cause remanded to the district court, with directions to reinstate Edwin A. Pierse in the office of water registrar and to order the surrender

to him of all the books, papers, and insignia of the office belonging or appertaining thereto.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS, ANDERSON and STEWART concur.

---

ON MOTION FOR REHEARING.

(Filed May 9, 1934.)

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

On motion for rehearing it is suggested for the first time that on the same day Kurth was reinstated as water registrar by the proceedings in the court below, a third person, C. Y. Zirkle was nominated, confirmed, and installed as water registrar, who has ever since occupied the office. This being true, the district court will, of course, not attempt in this proceeding to reinstate Edwin A. Pierse in the office. Our opinion goes no further than to adjudicate the rights as between Pierse and Kurth. Whether Pierse is entitled to be reinstated as against anyone else is a matter not involved in this proceeding, and is a subject matter that must be litigated in other proceedings to which all interested persons are made parties.

The motion for rehearing is denied.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS, STEWART and ANDERSON concur.