[Civ. No. 3164. Fourth Dist. Mar. 17, 1945.]

E. W. LAISNE, Respondent, v. THE CALIFORNIA STATE BOARD OF OPTOMETRY et al., Appellants.

Robert W. Kenny, Attorney General, and Carl W. Wynkoop and Allen L. Martin, Deputies Attorney General, for Appellants.

Gilbert H. Jertberg and Conley, Conley & Conley for Respondent.

BARNARD, P. J.—This is an appeal from a judgment ordering the issuance of a peremptory writ of mandate.

In October, 1938, the plaintiff was charged before the defendant board with violations of sections 3098 and 3125 of the Business and Professions Code. After hearings, the charges were sustained and on December 19, 1938, orders were made and entered by the board adjudging the plaintiff guilty of the violations charged and revoking his license and certificate of registration to practice optometry in this state.

In the proceeding which followed the trial court entered a judgment denying a peremptory writ. On an appeal that judgment was reversed. (*Laisne* v. *California St. Bd. of Optometry,* 19 Cal.2d 831 [123 P.2d 457].) Upon a retrial of the matter findings were made in favor of the plaintiff and a judgment was entered directing the defendant board to revoke its orders and to restore the plaintiff's license to practice optometry in this state. From that judgment this appeal was taken. The only point urged by the appellants is that the trial court erroneously interpreted section 3098 of the Business and Professions Code, which reads:

"When the holder uses the title of 'Doctor' or 'Dr.' as a prefix to his name, without using the word 'optometrist' as a suffix to his name or in connection with it, or, without holding a diploma from an accredited school of optometry, the letters 'Opt. D.' or 'O.D.' as a suffix to his name, it constitutes a cause to revoke or suspend his certificate of registration."

In the complaint filed, the respondent was charged with using the title "Dr." as a prefix to his name without also using the word "Optometrist" as a suffix or in connection therewith. It appears that in the instance in question the respondent used the title "Dr.," followed by his name and the abbreviation "Opt. D." as a suffix. It also appears that

he held a diploma from an accredited school of optometry. The appellants contend that section 3098 forbids two separate and distinct things, either of which constitutes a cause to revoke or suspend the certificate of registration; that the first of these is the use of the word "Doctor" or "Dr." as a prefix to the name without using the word "Optometrist" as a suffix; that the second is the use of the letters "Opt. D." or "O.D." as a suffix without holding the described diploma; that the second has no connection with the first; that the court erred in finding that the respondent was privileged to use after the words "Dr. E. W. Laisne" either the word "Optometrist" or "Opt. D."; and that it follows that the court erred in finding and holding that the respondent had not violated section 3098 of this code.

 . Since the briefs were filed on this appeal there have been filed in this court certified copies of resolutions adopted by the respondent board, in compliance with the judgment and writ of mandate, revoking and setting aside its previous orders and reinstating this respondent as a duly licensed optometrist. It, therefore, appears that the only question here presented has become moot and that this appeal should be dismissed.

 The appellants have urged, however, that in spite of this fact their question as to the proper interpretation of section 3098 should be passed upon and decided. In our opinion, this could only lead to an affirmance of the judgment.

In 1937, subdivision 7 of section 11 of the Optometry Law was amended (Stats. 1937, chap. 147, p. 410). Later, in that same session, the Legislature revamped the Optometry Law and placed it in the Business and Professions Code. In so doing, it placed most of what had been subdivision 7 of section 11 in what is now 3098 of the Business and Professions Code, and placed the latter part thereof in section 3099. In thus codifying the Optometry Law the Legislature separated the various causes for revoking and suspending licenses, which had been all included in section 11 of the old law, and adopted the general practice of treating each such cause in a separate section of the new codification. Also, in adopting section 3098, it left out the semicolon which had appeared between the first and second clauses in the amendment as adopted earlier in that session, omitted the portion which now is in

section 3099, and added certain other language which makes the section complete as a separate unit.

As section 3098 now reads it clearly permits the holder of such a certificate to use the title "Doctor" or "Dr." as a prefix to his name provided he uses the word "optometrist" as a suffix or in connection therewith, or, in the event he holds the required diploma, provided he uses the word "optometrist" or the letters "Opt. D." or "O.D." as a suffix or in connection with his name. Thus, it clearly appears that persons not holding diplomas from accredited schools of optometry may use the prefix "Doctor" or "Dr." only if the word "optometrist" is also used, while persons holding such diplomas may use such a prefix if either that word or the letters "Opt. D." or "O. D." are used as a suffix or in connection.

The purpose of the Legislature in adopting this section was to protect the public by requiring one holding such a certificate, and who desires to use the title "Doctor" or "Dr.," to add a description which will identify him with the profession in which he is licensed. As the appellants state in their brief, "By usage the doctor upon whom the degree has been conferred does not use the full wording of his degree such as Doctor of Optometry but uses as a suffix to his name Opt. D. or O. D. the abbreviation of his degree." The statute recognizes the meaning of the degree conferred by the accredited schools of optometry and the common practice of using the letters "Opt. D." or "O.D." as an abbreviation therefor, and provides, as an alternative, that this abbreviation may be used by one holding such a diploma instead of the word "Optometrist." Any other interpretation of this statute would not only be unreasonable but would make it a trap for the members of this profession who could not be expected to search for a hidden meaning.

The appeal is dismissed.

Marks, J., and Griffin, J., concurred.