FRED GILL, Plaintiff and Respondent, v. J. A. RAFN, et al., as the MONTANA LIQUOR CONTROL BOARD, and J. E. MANNING, as Admistrator, etc., Defendants and Appellants.

No. 9634.
Submitted February 13, 1958. Decided June 23, 1958.
326 Pac. (2d) 974.

Forrest H. Anderson, Atty. Gen., H. J. Luxan, Jr. Sp. Asst. Atty. Gen., Helena, for appellants.

H. J. Luxan, Sp. Asst. Atty. Gen., Helena, argued orally for appellants.

Carl M. Davis, Dillon, and Wesley W. Wertz, Helena, amici curiæ.

John W. Mahan, Helena, for respondent.

John W. Mahan, Helena, argued orally for respondent.

MR. CHIEF JUSTICE HARRISON:

This is an appeal from a judgment of the district court of the first judicial district directing that the defendants, the Montana Liquor Control Board, and the Administrator of the State Liquor Control Act, R.C.M. 1947, section 4-101 et seq., issue to the plaintiff, Fred Gill, a retail beer and liquor license for use at Wise River, Montana.

The only facts pertinent to a determination of this case are: On May 5, 1954, plaintiff applied to the defendant Board for the issuance to him of retail beer and liquor licenses for use at certain premises located at Wise River, Montana. On July 24, 1954, the Board denied the applications.

The denial of the licenses by the Board resulted in litigation being institued by the plaintiff in the district court to have the propriety of the denial reviewed. Ultimately, after having been sent back to the Board for reconsideration, and the defendants having again denied the licenses, the district court made and entered an order on September 15, 1955, requiring the Board to grant retail liquor and beer licenses to the plaintiff "forthwith" and directing issuance by the clerk of court of a peremptory writ of mandate to compel compliance.

Pursuant to the order a peremptory writ of mandate requiring the issuance of liquor and beer licenses to plaintiff was issued by the clerk and was thereafter, on September 15, caused

to be served upon the Board. This appeal was perfected on September 19, and on the same day a motion for stay of proceedings was made by the Board and denied by the district court. On September 28, the Board made and filed in the district court its return to the writ, tendered the licenses into that court, and also requested that proceedings thereby be automatically stayed pending the appeal. The district court refused the stay order, and directed delivery of the licenses to the plaintiff. The Board did not address any petition for supersedeas to this court to stay the proceedings in the district court.

Although plaintiff filed no motion to dismiss the appeal, ▆ this court, under the authority of State ex rel. Begeman v. Napton, 10 Mont. 369, 25 Pac. 1045; State ex rel. Brass v. Horn, 36 Mont. 418, 93 Pac. 351; State ex rel. Lockwood v. Tyler, 64 Mont. 124, 136, 208 Pac. 1081; Fox v. Hacker, 68 Mont. 413, 419, 220 Pac. 749; Carlson v. City of Helena, 38 Mont. 581, 585, 101 Pac. 163; State ex rel. Kurth v. Grinde, 96 Mont. 608, 612, 32 Pac. (2d) 15; and State ex rel. Hagerty v. Rafn, 130 Mont. 554, 304 Pac. (2d) 918, feels constrained to deny this appeal and dismiss it with prejudice.

The authority to dismiss this appeal, first found its source in Montana law in the early case of State ex rel. Begeman v. Napton, supra, 10 Mont. 369, 25 Pac. 1045, 1046, wherein, Mr. Justice De Witt, said:

"The relator applied to the third district court for a writ of mandamus requiring the appellant, Napton, clerk of the district court, to issue to relator a certificate of his mileage and attendance as a trial juror at that court. The district court ordered the writ to issue. The clerk appeals. *But counsel inform this court that the clerk has obeyed the writ of the district court, and issued the certificate; that the decision of this court is not expected to affect this case; but that this appeal is taken only for the purpose of having this court establish a rule for the government of the appellant in the future.* A judgment of any kind from this court would present a peculiar result. An affirmance would be to direct the district court to issue a writ,

which that court has already issued, and which has been obeyed. A reversal would be to say to the lower court: 'you may not order the clerk to do that which he has already fully performed.' It is apparent that there is no controversy before us. The case is fictitious. We are of the opinion that it is not a safe precedent to depart from the rule that courts will hear only genuine controversies, and will not tender advice upon matters not in litigation. *For the reasons stated we decline to take jurisdiction of the appeal."* Emphasis supplied.

From the italicized portion of the opinion it is apparent that the court, in State ex rel. Begeman v. Napton, felt it had the power, *sua sponte,* to dismiss any appeal which did not present an actual justiciable controversy.

Mr. Chief Justice Brantly, speaking for the court, in State ▋ ex rel. Brass v. Horn, supra, followed and cited the rule in the Napton case, when the court dismissed an appeal from a mandamus judgment where the respondent had complied with the writ.

Mr. Justice Angstman, in State ex rel. Kurth v. Grinde, supra, 96 Mont. 608, 611, 32 Pac. (2d) 15, 16, also cited State ex rel. Begeman v. Napton, supra, wherein it is said:

"It is generally held that, after the commands of a writ of mandate have been complied with, the question whether the writ should have been granted will not be reviewed. 38 C.J. 941; 18 R.C.L. 364. This court has applied the rule in a mandamus proceeding in State ex rel. Begeman v. Napton, 10 Mont. 369, 25 Pac. 1045, in State ex rel. Lockwood v. Tyler, 64 Mont. 124, 208 Pac. 1081, and in State ex rel Brass v. Horn, 36 Mont. 418, 93 Pac. 351. The same view has been taken with respect to a writ of prohibition (State ex rel. Hauswirth v. Beadle, 90 Mont. 24, 300 Pac. 197), a writ of injunction (Snell v. Welch, 28 Mont. 482, 72 Pac. 988), and a decree awarding specific performance of a contract (Fox v. Hacker, 68 Mont. 413, 220 Pac. 749)."

However the court in State ex rel Kurth v. Grinde, supra, refused to follow the rule expressed in the cases cited, on the

grounds that the action was not one for mandamus but, pared of surplusage, presented essentially one in quo warranto.

Finally, in determining whether to dismiss this appeal, we are faced with the case of State ex rel. Hagerty v. Rafn, supra, in which the court, speaking through Mr. Justice Anderson, on facts almost identical to those in the instant case, dismissed the appeal. The only procedural difference involved in the Hagerty case, which was a mandamus action to compel the State Liquor Control Board to issue the relators retail liquor and beer licenses, was that in that case the Board had unsuccessfully attempted to procure a supersedeas from this court to stay the proceedings below.

The Board, in a supplemental brief, has petitioned this court to overrule the Hagerty case because "the Hagerty case adds to Montana law a new and dangerous doctrine which this Court should decisively reject at the first opportunity." The new and dangerous doctrine attack fades into insignificance, in view of the precedents heretofore cited.

The Board contends, however, that the majority in the Hagerty case, primarily based their decision on the grounds that restitution could not be made, nor would the parties be put in their status quo by reversing the judgment. Relying on section 93-8024, R.C.M. 1947, the Board contends that the court could have granted restitution to the only one entitled thereto—the Board.

However we answer this contention by citing the case of Leet v. Board of Sup'rs. of Kern County, 5 Cal. Unrep. Cas. 573, 47 Pac. 595, wherein the relator sought to compel the respondents to issue him a license to sell at retail spirituous, malt, or fermented liquors and wines. The writ issued and on the same day the license was issued by respondents pursuant to the writ. Confronted with these facts the Supreme Court of California stated:

"Under these circumstances, we recommend that the appeal herein be dismissed, for two reasons:

"1. As was said in San Diego School Dist. of San Diego

County v. Board of Sup'rs of San Diego County, 97 Cal. 438, 32 Pac. 517, which was in all essentials similar to this: 'The defendant voluntarily complied with the mandate of the court, and the judgment was thereupon satisfied, and its force exhausted. After it had thus been satisfied, there was nothing in the judgment which the court had rendered of which the defendant could complain, or about which it could say that it was aggrieved.' A reversal of the judgment here would not have the effect to annul the license, *'nor did the appellants, by compliance with the judgment, lose any property rights of which restitution could be made in case of reversal'.''*

It should be noted that at the time the decision was rendered the California statutes (Cal. Code Civil Proc. section 957) contained a provision identical with our own section 93-8024. As was said in San Diego School Dist. of San Diego County v. Board of Sup'rs of San Diego County, supra, 97 Cal. 438, 32 Pac. 517, cited in the Leet case, the cause presented no grounds for the application of the Restitution statute, citing section 957, supra, because:

"The. proceeding was for the purpose of compelling the defendant to perform an official duty, and not one in which it had any personal rights to be affected."

The Board contends that it obeyed the peremptory writ to avoid being placed in contempt of the district court's order. This conteniton was likewise the source of argument in State ex rel. Brass v. Horn, supra, but was disposed of by Mr. Chief Justice Brantly's statement at page 420 of 36 Mont., at page 352 of 93 Pac., as follows:

"But counsel for appellant insists that, since the statutes (Code Civ. Proc. [1895], sections 1726 [now R.C.M. 1947, section 93-8007], 1733 [now R.C.M. 1947, section 93-8014]) do not provide a stay of execution of the judgment in such cases, and since the defendant was bound to obey the writ at the peril of punishment for contempt (Code Civ. Proc. [1895], sections 1973 [now R.C.M. 1947, section 93-9114], 2170 [now R.C.M. 1947, section 93-9801] ; State ex rel. Coad v. District Court, 23

Mont. 171, 57 Pac. 1095), an application of the rule of the Begeman and Snell cases, supra, will deprive him of his right of appeal, guaranteed under the Constitution (Const. section 15, art. 8, as construed in Finlen v. Heinze, 27 Mont. 107, 69 Pac. 829, 70 Pac. 517, and Raymond v. Raymond, 32 Mont. 170, 79 Pac. 1056). We shall not pause to consider the question whether the sections of the statute supra prohibit, or do not provide for, a stay in such cases. It may be conceded that they do not; yet it does not therefore follow that the defendant may not nevertheless have a stay of execution and therefore an effective appeal. Under another provision of the Constitution (section 3, art. 8) this court has power to effectuate its appellate jurisdiction by the use of any original or remedial writ which the necessities of a particular case may demand. Finlen v. Heinze, supra. This, of course, includes the power to issue a supersedeas or any other appropriate writ in aid of an appeal which would otherwise be in effectual.

"Let the appeal be dismissed."

The opinion of this court written by Mr. Chief Justice Brantly, supra, has stood for half a century. Had the Board wished to preserve its right of appeal it could have done so by filing a petition for supersedeas with this court. Having failed to do so they cannot now complain they have lost their right to appeal.

Nor is the "new and dangerous" doctrine merely a product of Montana jurisprudence. In addition to authorities heretofore cited we direct attention to 55 C.J.S. Mandamus section 373 b, page 644; 38 C.J., Mandamus, section 737, page 941; 18 R.C.L. 364; Laisne v. California State Bd of Optometry, 68 Cal. App. (2d) 440, 156 Pac. (2d) 956; Bradley v. Voorsanger, 143 Cal. 214, 76 Pac. 1031, 1032; State ex rel. Town of Portales v. Board of Comm'rs of Roosevelt County, 22 N.M. 413, 163 Pac. 1082, 1083; Crouse v. Nixon, 65 Kan. 843, 70 Pac. 885; Knight v. Hirbour, 64 Kan. 563, 67 Pac. 1104; Teterick v. Parsons, 90 Kan. 21, 64 Pac. 1028; David v. Parish of East Baton Rouge, 1875, 27 La. Ann. 230; Reese v. Adamson, 276 Pa. 253, 119 A. 920; Travis County v. Matthews, Tex. Civ. App,

512

1949, 221 S.W. (2d) 347; Wise v. First Nat. Bank, 49 Ariz. 146, 65 Pac. (2d) 1154; Jacksonville School Dist. v. Crowell, 33 Or. 11, 52 Pac. 693; Callbeck v. Kell, 1957, 211 Or. 640, 317 Pac. (2d) 589, 591; Betts v. State, 67 Neb. 202, 93 N.W. 167, 168; Stephens v. Querry, Iowa 1904, 97 N.W. 1115; Chamberlin v. MacVicar, Iowa 1898, 76 N.W. 839; State ex rel. Hector v. Trainor, 91 Neb. 848, 137 N.W. 876; People ex rel. Green v. Board of Ed. of City of Cohoes, 57 Hun. 594, 11 N.Y. S. 296; Price v. Cohen, 206 Md. 45, 109 A. (2d) 920.

The appeal is dismissed.

MR. JUSTICE ADAIR, and THE HON. W. M. BLACK, District Judge (sitting in place of MR. JUSTICE BOTTOMLY), concur.

MR. JUSTICE ANGSTMAN: I dissent.

As the record shows, I thought the case of State ex rel. Hagerty v. Rafn, 130 Mont. 554, 304 Pac. (2d) 918, should have been decided on its merits, and I think the same about this case.

MR. JUSTICE CASTLES joins in MR. JUSTICE ANGSTMAN'S dissent.