ROY L. JOHNSON, a Minor by CATHERINE JOHNSON, his Guardian Ad Litem, Plaintiff and Appellant, v. FRANK ROSENBECK, Justice of the Peace and Police Judge of Superior, Montana, Defendant and Respondent.

No. 10454.

Submitted September 10, 1962. Decided October 16, 1962.

375 P.2d 221.

Mason & Keast, Anthony F. Keast (argued orally), Missoula, for appellant.

Art L. Thompson (argued orally), Missoula, for respondent.

HONORABLE E. E. FENTON, District Judge (sitting in place of MR. JUSTICE DOYLE), delivered the Opinion of the Court.

This appeal is taken from an order of the district court denying appellant's petition for an award of attorney's fees claimed by appellant as the successful relator in a mandamus proceeding.

The facts alleged in the application for the writ of mandamus were, in substance, that the Town Marshal of Superior brought Roy L. Johnson, aged eighteen, before the respondent police judge who informed Johnson that unless he entered a plea of guilty he would have to wait in jail for his trial, whereupon Johnson entered a plea of guilty to a charge of reckless driving, paid a fine of $25.00, and also entered a plea of guilty to a charge of driving under the influence of alcohol, upon which charge he was fined $200.00. No complaint was signed or sworn to by the arresting officer, and there was no written complaint relating to either of the two charges.

Thereafter Johnson's parents employed an attorney, who requested that respondent allow the plea of guilty to be withdrawn. This request was denied and the mandamus proceeding was then instituted. In the application for the writ there was included an allegation with respect to the employment of an attorney, and the necessity therefor, together with the further allegation that a reasonable sum, to be left to the sound discretion of the court, should be allowed for attorney's fees and necessary expenses.

It appears that the matter was submitted to the district court upon the record of the police court. The judgment of the district court was made and based upon the following finding:

"An examination of the record by this Court shows that the prosecution in the Police Court was not conducted in the manner required by law in that a Complaint was not made out

under oath charging the plaintiff herein with any specific driving offense, all of which is required by the Constitution and statutes of the State of Montana.''

It was adjudged by the district court that the judgments of conviction entered by the police judge were null and void, and the police judge was ordered to return the fines paid. By the terms of the judgment it was specified that it was ''in no way to be regarded as a judgment prohibiting the filing of proper charges by the Town of Superior against Roy L. Johnson.''

No award of damages, either by way of attorney's fees or otherwise, was included in the judgment. A petition was thereafter presented asking for an allowance of damages for expenses incurred and paid in the amount of $57.85, and attorney's fees in the amount of $250.00, which petition was denied.

Following the appeal from the order denying the last-mentioned petition, the respondent gave notice of a cross-appeal from the judgment. In support of the cross-appeal, it was contended that mandamus would not lie because there was a plain, speedy and adequate remedy at law by appeal to the district court and, further, because the granting or refusal of permission to withdraw a plea of guilty is a matter of discretion and is not an act which the law specially enjoins as a duty.

Before considering these contentions, it should be pointed out that during the oral argument, in response to a question from the court, it was stated by counsel for the police judge that, pursuant to the judgment of the district court, sworn complaints had been filed and the prosecution instituted anew in the police court. Thus, the judgment anulling the previous proceedings in the police court was recognized and carried into effect. A reversal of the district court judgment would be futile. The ostensible effect of the reversal would be to reinstate the original judgments entered by the police judge, but that result is now impossible because the

original judgments have been superseded and abrogated by new proceedings in the police court.

The rule stated by this court in Gill v. Liquor Control Board, 133 Mont. 505, 507, 326 P.2d 974, 975, is applicable to the cross-appeal. There the court stated: "Although plaintiff filed no motion to dismiss the appeal, this court, under the authority of State ex rel. Begeman v. Napton, 10 Mont. 369, 25 P. 1045; State ex rel. Brass v. Horn, 36 Mont. 418, 93 P. 351; State ex rel. Lockwood v. Tyler, 64 Mont 124, 136, 208 P. 1081; Fox v. Hacker, 68 Mont. 413, 419, 220 P. 749; Carlson v. City of Helena, 38 Mont. 581, 585, 101 P. 163; State ex rel. Kurth v. Grinde, 96 Mont. 608, 612, 32 P.2d 15; and State er rel. Hagerty v. Rafn, 130 Mont. 554, 304 P.2d 918, feels constrained to deny this appeal and dismiss it with prejudice." The court went on to say, "A judgment of any kind from this court would present a peculiar result. An affirmance would be to direct the district court to issue a writ, which that court has already issued, and which has been obeyed. A reversal would be to say to the lower court: 'you may not order the clerk to do that which he has already fully performed.' It is apparent that there is no controversy before us."

■ Turning now to the appeal from the order denying the petition for an award of damages for expenses and attorney's fees, it should be observed that the judgment was made and entered on December 19, 1961, and that the petition for allowance of damages by way of expenses and attorney's fees was not filed until January 29, 1962. This is the same procedure which was disapproved in State ex rel. Golden Valley County v. District Court, 75 Mont 122, 242 P. 421. In that case judgment was entered on December 22, 1924, with the attempted reservation that it should be without prejudice to relator's right to recover damages. On February 6, 1925, the relator filed an application for the allowance of damages consisting of attorney's fees and other expenses. On appeal it was held that the attempted reservation of the right to recover

damages was unavailing, and that the judgment was "conclusive as to all of the relator's rights properly involved therein, whether asserted or not." The rule announced in the Golden Valley case was approved by the majority opinion in State ex rel. Phillips v. Ford, 116 Mont. 190, 203, 151 P.2d 171, as follows: "* * * The Golden Valley County decision correctly states that in a mandamus proceeding 'the right to recover damages must be claimed and proof submitted in support thereof *before the conclusion of the hearing.*'" (Emphasis supplied.)

The dissenting opinion in State ex rel. Phillips v. Ford, supra, did not question the holding that an application for damages comes too late when presented after the entry of judgment in a mandamus proceeding. This holding is emphasized in the dissenting opinion by citing the Golden Valley case with approval and summarizing the rule stated therein as follows: "What the court there said to the world and to the lawyers of the State of Montana was not that the claim must be made before the oral hearing is completed but that if you wish to secure damages by way of attorney's fees for your client in a mandamus proceeding you must make suitable claim sometime during the proceedings for those damages, but no specific method need be followed so long as the claim is made and proof submitted prior to the time judgment is entered. Further than that the court pointed out that the reason the claim had to be made and proof submitted before judgment was entered, was because otherwise the district court would be without jurisdiction to consider them."

The judgment containing no award of damages for attorney's fees and expenses is not subject to review herein, this being an appeal only from the order made after judgment. That order, denying the petition filed subsequent to the making and entry of final judgment, must be, and is hereby, affirmed. The respondent's cross-appeal is dismissed. Each party shall pay his own costs on appeal.

MR. CHIEF JUSTICE JAMES T. HARRISON, MR. JUSTICES ADAIR and JOHN C. HARRISON, and DISTRICT JUDGE L. C. GULBRANDSON, sitting in place of MR. JUSTICE CASTLES concur.