### FAIRLESS v. CAMERON COUNTY WATER IMP. DIST. NO. I.
### No. 8331.

Court of Civil Appeals of Texas. San Antonio.
Jan. 29, 1930.

Rehearing Denied March 5, 1930.

W. B. Lewis and P. G. Greenwood, both of Harlingen, for appellant.

Rentfro & Cole, of Brownsville, for appellee.

FLY, C. J.

Appellant sought to recover of appellee the sum of $1,850, accruing to him by a breach of a contract of employment on the part of appellee. The court, after hearing the evidence, instructed a verdict for the defendant, which is appellee herein.

Appellant had been employed for several years as a canal rider at a salary of $150 a month, but in January, 1928, was told that he was again employed for a year at a raise of ten per cent., making his salary $165 per month. Shortly afterward, he was informed that he would be discharged because his brother-in-law, Blakeley, was one of the directors of the district. On February 11, 1928, Bob, the manager who had the authority to employ and discharge employees, told appellant he could not work any longer for the district, because it was a violation of law for him to work, as he was a brother-in-law of one of the directors, but he was paid for January and February.

The statute on nepotism is as follows, in the Penal Code of 1925 (Article 432): "No officer of this State or any officer of any district, county, city, precinct, school district, or other municipal subdivision of this State, or any officer or member of any State, district, county, city, school district or other municipal board, or judge of any court, created by or under authority of any general or special law of this State, or any member of the Legislature, shall appoint, or vote for, or confirm the appointment to any office, position, clerkship, employment or duty, of any person related within the second degree by affinity or within the third degree by consanguinity to the person so appointing or so voting, or to any other member of any such board, the Legislature, or court of which such person so appointing or voting may be a member, when the salary, fees, or compensation of such appointee is to be paid for, directly or indirectly, out of or from public funds or fees of office of any kind or character whatsoever." It is undoubtedly true that the water improvement district is a state agency, a political division of the state, and, as such, clearly within the purview of the nepotism law.

The status of water improvement districts has been fully discussed and fixed in a recent opinion of this court, in which case a writ of error has been refused by the Supreme Court. Bexar-Medina-Atascosa Counties Water Improvement District No. 1 v. State of Texas, 21 S.W.(2d) 747, 749. As said in that opinion: "While the water improvement district is strictly a political division, it is designated a municipal corporation, because it is an organization of a certain geographical district under authority of law and invested with governmental functions." Such districts are granted the sovereign power of levying and collecting taxes within their bounds, and all of their assets become and are public funds within the contemplation of the nepotism law. Appellant was receiving his salary directly from such public funds. Blakeley, a member of the board of directors of the water improvement district, was the husband of a sister of appellant when he was employed in 1928, and had been a director of such district during four years before that time. The employment of appellant was a plain violation of the nepotism law, and he has no cause to complain because of his discharge by the board of directors, who, upon learning that they were acting contrary to law, promptly discharged him and relieved themselves of any charge of willful disobedience to the law. They could, and perhaps should, have refused to pay him anything for the month of February, in the first part of which he was discharged. In view of our opinion, all errors assigned are immaterial.

The judgment is affirmed.