BRETZ v CITY OF CENTER LINE

Docket No. 78-284. Submitted November 16, 1978, at Detroit.—Decided February 6, 1979.

Plaintiff Julie Ann Bretz was denied employment by the City of Center Line as a lifeguard. The refusal was based on a city ordinance which barred the employment of anyone within the second degree of consanguinity to any other city employee. The plaintiff's brother was a lifeguard employed by the city at the time.

Plaintiff, by her next friend, Don Bretz, commenced an action seeking to have the ordinance declared unconstitutional. Macomb Circuit Court, Howard R. Carroll, J., granted partial summary judgment for the plaintiff and issued an interim order declaring the ordinance unconstitutional. The defendant appeals. *Held:*

The broad terms of the ordinance go far beyond the legitimate objective sought to be reached, that of preventing persons in high supervisory position from engaging in nepotism and "cronyism". The ordinance is overbroad.

Affirmed. The issue of damages is to be decided at the trial level.

1. CONSTITUTIONAL LAW — STATUTES — CLASSIFICATION — SUBSTAN-TIAL-RELATION-TO-THE-OBJECT TEST.

The substantial-relation-to-the-object test should be applied to determine whether a statutory classification is unconstitutional where a challenged statute carves out a discrete exception to a general rule and the statutory exception is no longer experimental.

2. CONSTITUTIONAL LAW — STATUTES — CLASSIFICATION — PERSONS SIMILARLY CIRCUMSTANCED — SUBSTANTIAL-RELATION-TO-THE-OBJECT TEST.

A statutory classification must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and

REFERENCES FOR POINTS IN HEADNOTES
[1] 16 Am Jur 2d, Constitutional Law §§ 494, 498.
[2] 16 Am Jur 2d, Constitutional Law § 502.

substantial relation to the object of the legislation so that all persons similarly circumstanced shall be treated alike.

*Louis J. Burnett,* for plaintiff.

*Rogensues, Hacker & Associates,* for defendant.

Before: N. J. KAUFMAN, P.J., and V. J. BRENNAN and BASHARA, JJ.

BASHARA, J. Defendant, City of Center Line, appeals from an interim order of the Macomb Circuit Court declaring unconstitutional its ordinance barring the employment of anyone within the second degree of consanguinity to any other city employee.

The plaintiff was denied employment with the defendant as a lifeguard. Defendant admitted plaintiff had not been hired because her brother was also employed by the city as a lifeguard.

Defendant based its action upon city ordinance 180, chapter 10 of the Code of Ordinances for the City of Center Line which states in pertinent part:

"Sec. 2-1001 *Definitions.*—The terms used in this ordinance are hereby defined as follows:

"(a) *'Official'* or *'employee'.*—Any person elected to, appointed to, or employed or retained by any public office or public body of the city, whether full-time or part-time.

"(b) *'Public body'.*—Any agency, board, body, commission, committee, department or office of the City of Center Line.

"(c) *'Immediate family'.*—Those persons within the second degree of consanguinity or affinity, as computed by the civil law method, either lineal or collateral. (Ord. 180, sec. 1, adopted 5/14/73)

"Sec. 2-1002 *Nepotism prohibited.*—No official or employee shall employ or appoint to any clerkship, office, position, employment or duty for any public body any

person who, at the time of his proposed appointment or employment, is a member of the immediate family of an official or employee of any public body at that time. (Ord. 180, sec. 1, adopted 5/14/73)"

Plaintiff argues that ordinance 180 is arbitrary, unreasonable, overbroad, and lacking any reasonable relationship to its legitimate purpose. Defendant contends that the ordinance was a valid exercise of its power and did not violate any constitutional guarantees. They also assert that the ordinance was rationally related to the object sought and was not impermissibly discriminatory.

The trial judge, in granting plaintiff's motion for partial summary judgment, found that the ordinance went beyond its purpose of discouraging nepotism.

We initially consider what test should properly be used to determine the constitutionality of the subject ordinance. In *Manistee Bank & Trust Co v McGowan,* 394 Mich 655, 671; 232 NW2d 636 (1975), Justice LEVIN, speaking for a plurality, set forth the appropriate guideline:

"In my judgment, at least where the challenged statute carves out a discrete exception to a general rule and the statutory exception is no longer experimental, *the substantial relation to the object test should be applied.*" (Emphasis supplied.)

The United States Supreme Court has voiced a similar opinion. Chief Justice Burger, speaking for a unanimous Court in *Reed v Reed,* 404 US 71, 76; 92 S Ct 251; 30 L Ed 2d 225 (1971), stated:

"A classification 'must be reasonable, not arbitrary, and must rest upon some ground of difference *having a fair and substantial relation to the object of* the legislation, so that all persons similarly circumstanced shall

be treated alike.' " (Emphasis supplied.) (Citations omitted.)

See also *Eisenstadt v Baird,* 405 US 438; 92 S Ct 1029; 31 L Ed 2d 349 (1972).

The appellant argues that the trial judge considered only the question of nepotism in arriving at the conclusion that the statute is overbroad and therefore unconstitutional. Its aim, according to the appellant, is to prevent "cronyism" as well. However, an ordinance which prohibits the hiring of the relatives of any employee goes far beyond the object which the ordinance seeks to reach.

The case at bar provides an illustrative case in point. Julie Ann Bretz is admittedly qualified to fill the position for which she applied. The sole reason for her disqualification was that her brother, also a qualified lifeguard, was employed by the city.

Had the ordinance sought to prohibit anyone in a supervisory position from hirng a close relative, it might be said to be reasonably related to its objective of preventing nepotism. Likewise, to prevent the hiring of a relative within the second degree of consanguinity of a highly placed supervisory employee in another department could arguably be reasonably related to the prevention of "cronyism".

The broad terms of the ordinance can lead us to no other conclusion than that its sweep goes far beyond the legitimate objectives sought to be reached. The cases cited by appellant in support of its argument involve, as appellee points out, statutes limited to the disqualification of relatives of appointing officials or department heads. *Barton v Alexander,* 27 Idaho 286; 148 P 471 (1915), *Fairless v Cameron County Water Improvement Dist No. 1,*

25 SW2d 651 (Tex Civ App, 1930), and *Graham County v Buhl,* 76 Ariz 275; 263 P2d 537 (1953).

Mindful as we are that the objective of the legislation is laudable and necessary for implementation of effective and fair government, we must concur in the trial judge's opinion that the ordinance is overbroad. We also agree that the question of damages is yet to be decided at the trial level.

Affirmed, no costs, a public question being involved.