WINRICK v CITY OF WARREN

Docket No. 45562. Submitted June 5, 1980, at Lansing.—Decided September 2, 1980.

Harry Winrick, plaintiff, was precluded from consideration as an applicant for the positions of Janitor-Laborer and Equipment Operator I with the City of Warren because the plaintiff's father worked in the sanitation division of the Department of Public Works. The Warren City Charter provides that no two persons who are within the second degree of consanguinity or affinity can be employed within the same department of the city. The plaintiff brought suit in Macomb Circuit Court. Upon a motion for partial summary judgment made by the plaintiff, Raymond R. Cashen, J., ruled that the above charter provision was a denial of plaintiff's equal protection, pursuant to the Const 1963, art 1, § 2; US Const, Am XIV. A trial was then held on the issue of damages, and at its conclusion the court entered a judgment in accordance with his earlier opinion. The defendants City of Warren and the Civil Service Commission of the City of Warren appeal. *Held:*

The right to consideration for employment is not a "fundamental" right as defined by the Supreme Court which would require a compelling state interest and subject an antinepotism provision of a city charter to strict scrutiny, nor is this provision in an "experimental" stage and subject to the traditional and least stringent "rational basis" test. Constitutional analysis of the provision requires middle-level scrutiny. The charter provision of the City of Warren has a fair and substantial relationship to a laudable legislative purpose. It is limited in scope to avoid hiring favoritism by appointing officials and department heads and to avoid intradepartmental cronyism.

Reversed and remanded with instructions.

1. CONSTITUTIONAL LAW — MUNICIPAL CORPORATIONS — CHARTER PROVISION — MIDDLE LEVEL SCRUTINY — FUNDAMENTAL RIGHTS — EMPLOYMENT.

The right to consideration for employment is not a "fundamen-

REFERENCES FOR POINTS IN HEADNOTES

[1] 16A Am Jur 2d, Constitutional Law § 563.

[2] 56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions § 398 *et seq.*

tal" right as defined by the Supreme Court which would re-
quire a compelling state interest and subject an antinepotism
provision of a city charter to strict scrutiny; a city charter
antinepotism provision which is not in an "experimental" stage
requires middle-level scrutiny.

2. MUNICIPAL CORPORATIONS — CHARTER PROVISIONS — WORDS AND
   PHRASES — STRICT CONSTRUCTION.
   Strict construction of the language of a city charter provision will
   not be made when to do so would defeat the purpose of
   another provision dealing with the same subject area.

*Dee Edwards,* for plaintiff.

*W. Thomas Marrocco, Jr.,* City Attorney, and
*David L. Dalenberg,* Assistant City Attorney, for
defendant.

Before: DANHOF, C.J., and M. J. KELLY and G. R.
CORSIGLIA,* JJ.

G. R. CORSIGLIA, J. The defendants, City of War-
ren and the Civil Service Commission of the City
of Warren, appeal from a judgment holding the
antinepotism provision of the charter of the City of
Warren unconstitutional and awarding the plain-
tiff, Harry Winrick, $5,000 in damages.

The case was tried to the bench on the issue of
damages following a decision by the trial judge
that the charter provision was unconstitutional as
a matter of law. The record discloses that the
plaintiff was precluded from consideration as an
applicant for the positions of Janitor-Laborer and
Equipment Operator I, when the top three candi-
dates were taken from the eligibility lists to be
interviewed for positions open in the Department
of Public Works, because the plaintiff's father

---

* Circuit judge, sitting on the Court of Appeals by assignment.

worked in the sanitation division of the department.

The Warren City Charter provision states in relevant part:

"No two or more persons who are within the second degree of consanguinity or affinity shall be employed within the same department of the city." Warren Charter, § 7.27.

The City of Warren is divided into ten departments and the record indicates that the plaintiff was eligible, if qualified, for employment in any other city department in which there was an opening.

The circuit judge ruled that the charter provision was a denial of equal protection, Const 1963, art 1, § 2; US Const, Am XIV, upon a motion for partial summary judgment made by the plaintiff. A trial was then held on the issue of damages, and at its conclusion the court entered a judgment in accordance with his earlier opinion.

The Warren City Charter provision dates back to the 1950's when the City of Warren was first incorporated. The trial judge held it unconstitutional based upon a determination that the legislative objective which would outweigh the interest of the individual was no longer viable. He noted the growth of the city, the growth in the number of its employees and the growth of the Civil Service Commission. The trial court stated:

"The public concern with interdepartmental [sic] favoritism has ceased to exist due to the passage of time and natural changes which have accompanied the municipal growth."

He ruled that the primary objective of the charter

provision, to prevent the occurrence of a situation wherein a relative might show favoritism to a fellow related employee within the same department, no longer outweighed its impact upon the rights of individuals. We disagree.

An initial analysis must be made of the test to be applied when considering whether a legislative classification conforms with the stricture of equal protection. The trial court correctly articulated the test to be applied in this case.

A constitutional analysis of the Warren antinepotism charter provision requires a middle-level scrutiny. *Hampton v Mow Sun Wong,* 426 US 88; 48 L Ed 2d 495; 96 S Ct 1895 (1976). The right to consideration for employment is not a "fundamental" right as defined by the Supreme Court which would require a compelling state interest and subject this charter provision to strict scrutiny. Nor is this provision in an "experimental" stage and subject to the traditional and least stringent "rational basis" test.

Our analysis that this antinepotism charter provision falls in the middle area of the equal protection continuum is supported by the plurality opinion in *Manistee Bank & Trust Co v McGowan,* 394 Mich 655; 232 NW2d 636 (1975), by Justice LEVIN, wherein he acknowledged that value judgments are inherent in any equal protection analysis. He stated:

"So, too, is the choice of test a matter of judgment. In my judgment, at least where the challenged statute carves out a discrete exception to a general rule and the statutory exception is no longer experimental, the substantial-relation-to-the-object test should be applied." *Id.,* 671; 232 NW2d 642.

The instant case is distinguishable from the

decision in *Bretz v City of Center Line,* 88 Mich App 451; 276 NW2d 617 (1979). In *Bretz* the antinepotism ordinance was declared unconstitutional as overbroad. However, Judge BASHARA, writing for the panel, specifically distinguished the Center Line ordinance which proscribed employment throughout the city from a more narrowly drafted provision. The Court stated:

"The broad terms of the ordinance can lead us to no other conclusion than that its sweep goes far beyond the legitimate objectives sought to be reached. The cases cited by appellant in support of its argument involve, as appellee points out, statutes limited to the disqualification of relatives of appointing officials or departments heads." *Id.,* 454; 276 NW2d 618.

The charter provision of the City of Warren challenged by the plaintiff in this case is more precisely drafted and has a fair and substantial relationship to a laudable legislative purpose. It is limited in scope to avoid hiring favoritism by appointing officials and department heads, and to avoid intradepartmental cronyism. As drafted, it does not ban the plaintiff from employment in the other nine city departments, only the department in which his father is a long-time employee.

While the Civil Service Commission provides some protection against favoritism in promotions, it cannot effectively achieve the purpose of the antinepotism provision. The Civil Service provision, read in conjunction with the charter provision, provides additional criteria which do not contradict the charter provision regarding antinepotism. Strict construction of the language of a provision will not be made when to do so would defeat the purpose of another provision dealing with the same subject area. See *Detroit v Michi-*

*gan Bell Telephone Co,* 374 Mich 543; 132 NW2d 660 (1965).

Personnel move up to higher positions on the municipal corporate organization chart. A relative and coworker could become, quite legitimately under Civil Service provisions, a supervisory employee over a period of time. In addition, the day-to-day workings of a city department cannot be effectively policed by means of general Civil Service Commission rules, beneficial though they may be. The Warren Charter provision is an effective and limited response to a perceived problem.

Since we have determined that the intradepartmental antinepotism provision is constitutionally permissible, we do not reach the issues relating to damages. The ruling by the trial judge on the constitutionality of the provision effectively precluded consideration of the plaintiff's other allegations relating to unconstitutional application of the provision and these matters must be determined by the trial court in further proceedings.

Reversed and remanded for proceedings consistent with this opinion; no costs, a public question being involved.