

# The Attorney General of Texas

**JIM MATTOX**
**Attorney General**

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711-2548
512/475-2501
Telex.910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite 8
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

October 29, 1985

Mr. W. N. Kirby
Commissioner of Education
Texas Education Agency
201 East Eleventh Street
Austin, Texas 78701

Opinion No. JM-371

Re: Whether a teacher may be promoted to registrar in a school district where her husband serves on the board of trustees, and related questions

Dear Mr. Kirby:

You request an interpretation of the nepotism law, article 5996a, V.T.C.S., which prohibits a board of school trustees from employing any person related within a prohibited degree to a board member. You state that an individual was originally employed as a teacher by an independent school district in August 1974. Her husband, a relative within the degree of affinity subject to the nepotism law, became a trustee of the district in April 1978. See Attorney General Opinion V-785 (1949). Since the teacher had by that time been employed for forty-five months continuously, she was allowed to continue working for the school district under the grandfather provision of the nepotism law then in effect:

> provided, that nothing herein contained . . . shall prevent the appointment, voting for, or confirmation of any person who shall have been continuously employed in any such office, position, clerkship, employment or duty for a period of two (2) years prior to the election or appointment of the officer or member appointing, voting for, or confirming the appointment, or to the election or appointment of the officer or member related to such employee in the prohibited degree.

Acts 1951, 52nd Leg., ch. 97, at 159 (former article 5996a, V.T.C.S.). See Acts 1985, 69th Leg., ch. 152, at 800-01 (amendment by Senate Bill No. 599 to quoted language effective May 24, 1985). This provision allowed the teacher to continue her employment in the district but did not allow the board of trustees to transfer her to a different position. Attorney General Opinions JM-288 (1984); M-671 (1970); Letter Advisory No. 69 (1973).

In July of 1979, the board of trustees promoted the teacher to high school registrar. According to the information you have submitted, she was given the registrar position at her teacher's daily salary rate plus an additional ten days of employment. Her contract and the school records placed her at pay grade eight, although the registrar position is customarily classified as a grade 10B position.

The trustees' action in promoting this individual to registrar violated the nepotism statute. The two year proviso of the former nepotism statute, quoted above, allowed the teacher to keep the "office, position, clerkship, employment or duty" in which she had been continuously employed for at least two years before her husband became a trustee. Attorney General Opinion JM-234 (1984); Letter Advisory No. 69 (1973). It did not authorize the board to appoint her to a different position, even a less remunerative one, or to assign her additional days of work. Attorney General Opinion MW-135 (1980); Letter Advisory No. 69 (1973). The Texas Education Agency has concluded that her promotion to registrar violated article 5996a, V.T.C.S., and we agree with this conclusion.

The school district wishes to continue this employee as registrar. You ask whether the district may return her to a pay status identical to that which she maintained before the promotion but allow her to continue to perform her duties as registrar.

Your question about potential action by the school trustees requires us to interpret article 5996a, V.T.C.S., as amended by Senate Bill No. 599 of the Sixty-ninth Legislature. Senate Bill No. 599 became effective on May 24, 1985, and the grandfather clause of article 5996a, V.T.C.S., now reads as follows:

> provided, that nothing herein contained . . . shall prevent the appointment, voting for, or confirmation of any person who shall have been continuously employed in any such office, position, clerkship, employment or duty for a period of one (1) year prior to the election or appointment of the officer or member appointing, voting for, or confirming the appointment, or to the election or appointment of the officer or member related to such employee in the prohibited degree. When a person is allowed to continue in an office, position, clerkship, employment, or duty because of the operation of the exceptions contained in the two foregoing provisions then the Judge, Legislator, officer, or member of the governing body who is related to such person in the prohibited degree shall not participate in the deliberation or voting upon the appointment,

> reappointment, employment, confirmation, reemploy-
> ment, change in status, compensation, or dismissal
> of such person, if such action applies only to
> such person and is not taken with respect to a
> bona fide class or category of employees.
> (Emphasis added).

The employee in question was continuously employed for forty-five months as a teacher before her husband became a board member in 1978. The nepotism law prohibited the school board from promoting her to registrar in 1979; she was ineligible for that position. See Attorney General Opinion M-728 (1970). The board's action was ineffective to change her legal status from teacher to registrar. See Fairless v. Cameron County Water Improvement District No. 1, 25 S.W.2d 651 (Tex. Civ. App. - San Antonio 1930, writ ref'd). In our opinion the employee is still a teacher for purposes of interpreting the nepotism statute even though she has performed the duties of registrar since 1979. Under the recently amended grandfather provision of article 5996a, V.T.C.S., the school board may change her employment status and compensation, but the trustee to whom she is related may not participate in the deliberation or vote thereon.

## S U M M A R Y

Under article 5996a, V.T.C.S., as amended by the Sixty-ninth Legislature, a school teacher with one year of continuous employment prior to her husband's election as school trustee may continue to serve the district as a teacher. The school board may change her employment status and compensation, but her relative may not deliberate or vote thereon.

Very truly yours,

J I M   M A T T O X
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan I. Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton
Sarah Woelk
Bruce Youngblood