Kyle COLLIER and Barry Hardin, Appellants,

v.

CIVIL SERVICE COMMISSION OF WICHITA FALLS, Texas and City of Wichita Falls, Texas, Appellees.

No. 2–88–049–CV.

Court of Appeals of Texas, Fort Worth.

Jan. 12, 1989.

Rehearing Denied Feb. 22, 1989.

B. Craig Deats, Fickman & Van Os, P.C., Austin, for appellants.

H.P. Hodge, Jr., City Atty., Wichita Falls, for appellees.

Before FENDER, C.J., and KELTNER and LATTIMORE, JJ.

## OPINION

LATTIMORE, Justice.

Appellants, Kyle Collier and Barry Hardin, filed a declaratory judgment action against appellees, Civil Service Commission of Wichita Falls and City of Wichita Falls (collectively "Wichita Falls"). Appellants asked the court to declare that adoption and enforcement of an amendment entitled "Nepotism" to rule V, section 7 of Wichita Falls' Civil Service Rules violates Texas Local Government Code Annotated chapter 143 (Vernon 1988) and appellant's equal protection rights under Texas Constitution article I, sections 3 and 19. The trial court granted summary judgment for Wichita Falls. Appellants have perfected this appeal from the judgment.

The judgment is reversed and remanded.

On May 8, 1984, Wichita Falls adopted the above-cited nepotism rule. The nepotism rule provides no person shall be employed in the fire department if a member of his or her immediate family is employed in the fire department and the immediate family consists of husband, wife, daughter, daughter-in-law, step-daughter, son, son-in-law, stepson, father, stepfather, father-in-law, mother, mother-in-law, stepmother, brother, brother-in-law, sister, sister-in-law, grandfather, grandmother, grandson, granddaughter, niece, nephew, aunt, and uncle. The nepotism rule provides the Civil Service Commission may waive the policy in instances where marriage of an employee creates an immediate family relationship, but the waiver will only be granted if it can be shown the marriage "will not be detrimental to the City." The nepotism policy does not explain whether an applicant may terminate an immediate family relationship by divorce. Hardin's father is a Fire Equipment Officer, and Collier's father-in-law is a Battalion Chief. Collier and Hardin submitted employment applications to the Wichita Falls Fire Department, but the Fire Chief informed them they were disqualified under the nepotism rule.

Appellants contend the trial court erred because it:

1. Failed to find the nepotism rule violates the merit principles of Texas Local Government Code Annotated chapter 143;

2. Failed to find the nepotism rule violates appellant's rights to equal protection under Texas Constitution article I, sections 1 and 3;

3. Failed to find a genuine fact issue exists concerning whether the nepotism rule is drawn to achieve its stated purpose;

4. Denied appellants' request for attorney's fees.

The term "nepotism rule" is a misnomer because nepotism normally implies favoritism practiced by someone with hiring or supervisory authority. *Blacks Law Dictionary*, 937 (5th Ed.1979); *see generally, Annotation, Validity, Construction, and Effect of State Constitutional or Statutory Provision Regarding Nepotism in the Public Service*, 11 A.L.R. 826 (1982). The nepotism rule in this case also prohibits hiring an applicant who is related to a nonsupervisory employee. Therefore, the rule involves nepotism as well as other concerns such as cronyism and conflicts of interest. However, we will refer to the rule as the nepotism rule because it was so named when adopted by Wichita Falls. *Compare Winrick v. City of Warren*, 99 Mich.App. 770, 299 N.W.2d 27, 28 (1980).

First, we consider appellants' third point of error in which appellants contend

the trial court should not have granted summary judgment. Summary judgment was not appropriate because the trial court should have allowed appellants to introduce evidence relevant to the purpose and effect of the nepotism rule. *See Retail Merchants Assoc. of Houston, Inc. v. Handy Dan Hardware, Inc.,* 696 S.W.2d 44 (Tex. App.—Houston [1st Dist.] 1985, no writ) (appellate court should review evidence relevant to rational relationship test). "The Supreme Court has often noted that a full factual record is advisable when deciding questions of constitutional magnitude or public importance." Pine, *Speculation and Reality: The Role of Facts in Judicial Protection of Fundamental Rights,* 136 *U.Pa.L.Rev.* 655, 667 n. 36 (1988) (citing e.g. *Socialist Labor Party v. Gilligan,* 406 U.S. 583, 588, 92 S.Ct. 1716, 1719, 32 L.Ed.2d 317 (1972) (declining to consider constitutionality of Ohio election laws without record setting forth relevant facts)). A court may fail to protect constitutional rights by deciding a case without full knowledge of the facts. *Id.* at 711. The amount of evidence presented in a case may affect its value as precedent. *Retail Merchants Assoc. of Houston,* 696 S.W.2d at 47.

The distinction between law and fact has never been a well-settled area of law; the U.S. Supreme Court noted it does not know any "rule or principle that will unerringly distinguish a factual finding from a legal conclusion." *Pullman–Standard v. Swint,* 456 U.S. 273, 288, 102 S.Ct. 1781, 1790, 72 L.Ed.2d 66 (1982). This difficulty is compounded by the trial court's failure to develop the facts in a full trial on the merits. Some commentators have suggested issues of fact are usually the type of issue that could be decided "by a person who is ignorant of the applicable law." Monaghan, *Constitutional Fact Review,* 85 *Col.L.Rev.* 229, 235 (1985) (quoting L. Jaffe, *Judicial Control of Administrative Action* 548 (1965)). Deciding the constitutionality of a statute necessarily involves several related fact questions. *See* Pine, *supra,* at 666–67. For example, Wichita Falls argues the nepotism rule will prevent a firefighter's unavoidable impairment of

judgment in a situation where a member of his immediate family is involved in a perilous situation. Appellants argue strong emotional bonds exist between firefighters even if they are not related by blood or marriage. These issues are relevant to whether the nepotism rule will advance the governmental objective of improving the safety of the fire department, but this court does not have any special knowledge of emotional ties between firefighters or the dangers found within burning buildings. This question involves social and emotional issues, but it is still a question of fact. Social facts may be developed through expert testimony, "Brandeis briefs" or requests for judicial notice. Pine, *supra* at 662–63. We are unwilling to base our decision on the unsupported generalizations contained in the briefs. *Compare Mississippi Univ. for Women v. Hogan,* 458 U.S. 718, 730 n. 16, 102 S.Ct. 3331, 3339 n. 16, 73 L.Ed.2d 1090 (1982); *see also* Pine, *supra* at 708.

The trial court did not make any specific findings of fact; therefore, we do not consider the standard of review for findings of fact in a case involving constitutional rights. *See generally,* Louis, *Allocating Adjudicative Decision Making Authority Between the Trial and Appellate Levels: A Unified View of the Scope of Review, The Judge/Jury Question, and Procedural Discretion,* 64 N.C.L.Rev. 993 (1986). Appellants should have the opportunity to introduce evidence to support their challenge to the nepotism rule. Appellant's third point of error is sustained.

■ In their first point of error, appellants contend the trial court erred in granting summary judgment because the nepotism rule violates the merit principles of Texas Local Government Code Annotated chapter 143. *Compare Holcombe v. Levy,* 301 S.W.2d 507, 519 (Tex.Civ.App.—Galveston 1957, writ ref'd n.r.e.). The validity of an ordinance is a question of law. *Town of Ascarate v. Villalobos,* 148 Tex. 254, 263–64, 223 S.W.2d 945, 950 (1949). However, the reasonableness of an ordinance may depend on facts which cannot be known to the court until introduced into evidence.

*Houston and Texas Central Ry. Co. v. City of Dallas,* 98 Tex. 396, 417, 84 S.W. 648, 654 (1905); *Humble Oil and Refining Co. v. City of Georgetown,* 428 S.W.2d 405, 407–08 (Tex.Civ.App.—Austin 1968, no writ). Therefore, we do not consider appellants' first point of error because the facts have not been sufficiently developed.

In their second point of error, appellants contend the trial court erred in failing to find the nepotism rule violates their equal protection rights under the Texas Constitution. The rational relationship between a statute's means and ends may depend on evidence introduced at trial. *Retail Merchants Assoc. of Houston,* 696 S.W.2d at 55; *see also Borden's Farm Products Co. v. Baldwin,* 293 U.S. 194, 210, 55 S.Ct. 187, 192, 79 L.Ed. 281 (1934); *Metropolitan Life Ins. Co. v. Forrester,* 437 So.2d 535, 540 (Ala.Civ.App.1983) (presumption of constitutionality was not intended to prevent full factual development of challenge to rationality). Therefore, we do not consider appellants' second point of error because the facts were not completely developed in the trial court.

In their fourth point of error, appellants contend the trial court erred in denying their request for attorney's fees. TEX. CIV.PRAC. & REM.CODE ANN. sec. 37.-009 (Vernon 1986). We overrule this point of error because the trial court did not err in deciding not to grant appellants' request for attorney's fees. On remand, the trial court may reconsider the matter of attorney's fees. *French v. Diamond Hill–Jarvis Civic League,* 724 S.W.2d 921, 924 (Tex. App.—Fort Worth 1977, writ ref'd n.r.e.).

THE JUDGMENT IS REVERSED AND REMANDED.