

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

December 29, 1989

Honorable Terral Smith
Chairman
Natural Resources Committee
House of Representatives
P. O. Box 2910
Austin, Texas   78768-2910

Opinion No.   JM-1130

Re:  Familial relationships as
a  disqualification  for  mem-
bership on  the board  of  the
Barton Springs-Edwards Aquifer
Conservation District
(RQ-1799)

Dear Mr. Smith:

You advise  that two  people who  are related  to  each
other as first cousins were elected directors of the  Barton
Springs-Edwards  Aquifer  Conservation  District.   One  was
elected from  precinct  3 and  the  other was  elected  from
precinct 5.   Terms for the directorships expire at different
times, but both directors were elected in the same election.
You ask  if a  newly  revised provision  of the  Water  Code
applies to them.   Specifically, you ask:

> 1.   Does Texas Water Code Section 50.026(a),
> as amended by H.B. 2498, apply to the  Barton
> Springs-Edwards  Aquifer  Conservation  Dis-
> trict?
>
> 2.   If so, does it operate to disqualify  the
> directors of Precincts 3 and 5?
>
> 3.   If so, where both directors were  elected
> at the same election, how should the District
> determine which one is to be disqualified?
>
> 4.   Is  the  amendment  constitutionally  im-
> permissible as a special law?

Prior to its amendment in 1989, section 50.026(a)(1) of
the Water Code provided:

> (a)   A person is disqualified from serving
> as  a  member  of  a  governing  board  <u>of  a</u>
> <u>district proposing  to  provide  or  actually</u>

> providing water and sewer services or either
> of these services to household users as the
> principal functions of the district and
> created by special act of the legislature if:
>
> > (1) he is related within the third
> > degree of affinity or consanguinity to a
> > developer of property in the district, any
> > other member of the governing board of the
> > district, or the manager, engineer, or
> > attorney for the district[.] (Emphasis
> > added.)

Section 50.026(a)(1) has now been amended to read:

> (a) A person is disqualified from serving
> as a member of the governing board of a
> district which was created under this title
> or by special act of the legislature, which
> is providing or proposing to provide, as the
> district's principal function, potable water,
> sewer, drainage, and flood control or
> protection facilities or services, or any of
> these facilities or services to household,
> commercial, or industrial users, other than
> agricultural or irrigation users; and which
> district includes less than all the territory
> in at least one county and which, if located
> within the corporate area of a city or
> cities, includes within its boundaries less
> than 75 percent of the incorporated area of
> the city or cities if:
>
> > (1) he is related within the third
> > degree of affinity or consanguinity to a
> > developer of property in the district, any
> > other member of the governing board of the
> > district, or the manager, engineer, or
> > attorney for the district.[1] (Emphasis
> > added.)

---

1. Because the restrictions involve familial relationships, statutes such as these are sometimes called "nepotism" statutes, but that characterization is a misnomer. Nepotism involves favoritism shown a relative on the basis

(Footnote Continued)

Acts 1989, 71st Leg., ch. 328, § 1, at 1292.

By way of explanation and background your letter advises:

> The Barton Springs-Edwards Aquifer Conservation District ("the District") is an underground water conservation district that was created pursuant to article III, Section 52 of the Texas Constitution and Chapter 52 of the Texas Water Code, as amended by Senate Bill 988 (Act of June 17, 1987, Chapter 429, 1987 *Tex. Sess. Law Serv.* 3967). The purpose of the district is "to provide for the conservation, preservation, protection, recharging, and prevention of waste" of the underground waters of the Edwards Aquifer. (Tex. Water Code Section 52.021). The Aquifer has been designated as a sole-source aquifer; that is, it is generally the only water supply available. The District's boundaries encompass portions of Hays, Travis, Caldwell and Bastrop Counties.
>
> Approximately eighty percent of the water pumped from the aquifer within the District's boundaries is used *for domestic and municipal* water supplies. The District is actively engaged in protecting the waters of the aquifer. The aquifer's water is potable as produced from the ground, and is used by the District's residents for household, commercial and industrial purposes. The District does not sell water as a public utility; however, the District permits wells and collects a use fee, calculated on the amount of annual pumpage from the Aquifer, for each well for which a permit is issued which is not exempted from regulation. The District

---

(Footnote Continued)
of the relationship by someone in a hiring or supervisory capacity. See Collier v. Civil Serv. Comm'n of Wichita Falls, 764 S.W.2d 364 (Tex. App. - Fort Worth 1989, writ denied). Here, both directors were elected by the people; neither was hired by the other, and neither supervises the other.

> does not regulate development or land use
> within its boundaries except to the extent
> that new wells are necessary. All new wells
> drilled require a permit from the District.

Whether section 50.026(a) applies to the district here is a fact question that we cannot determine in the opinion process of this office. You advise that the district was created under chapter 52 of the Water Code, so it was created "under this title" [title 4 of the code] within the meaning of section 50.026(a), and it is clearly providing potable water "services" to household, commercial, or industrial users. But whether it does so (or proposes to do so) "as the district's principal function" is a fact question -- as is the matter of its territorial compass.

First cousins are related within the third degree by consanguinity. See Attorney General Opinion JM-741 (1987). If section 50.026(a) does apply, we think it operates to disqualify the directors of precincts 3 and 5. See Attorney General Opinion JM-296 (1985). In that event, the district need not determine which of them are disqualified; they are both disqualified. Subsection 50.026(a)(6) specifies that persons are disqualified from serving on the board of such a district if "during the [director's] term of office [the director] fails to maintain the qualifications required by law to serve as a director." Acts 1989, 71st Leg., ch. 328, § 1, at 1292. Both men, elected at the same time, failed to maintain the necessary qualifications. Neither man was related to a director at the time they stood for office, but afterward, both assumed office notwithstanding their relationship.

Although the peculiarity of the territorial basis upon which the statute applies to districts makes it suspect as a special or local law in violation of article III, section 56, of the Texas Constitution, we cannot say that it is violative of the provision as a matter of law. Again, we cannot determine factual matters in the opinion process of this office, and there is an insufficient factual basis for reaching a decision as a matter of law. See Attorney General Opinion JM-296.

## S U M M A R Y

Section 50.026(a)(1) operates to disqualify first cousins elected at the same time as directors of a district to which the statute

applies. Both are disqualified where both assume office and serve. Facts cannot be determined in the opinion process of the Attorney General's Office and there are insufficient facts given to determine whether section 50.026(a) applies to the Barton Springs-Edwards Aquifer Conservation District or whether the statute, as applied to the district, constitutes an unconstitutional local or special law.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Bruce Youngblood
Assistant Attorney General